66 U.S. 431
 1 Black 431
 17 L.Ed. 172
 HAUSSKNECHT
v.
CLAYPOOL ET AL.
 December Term, 1861
 
 Error to the Circuit Court of the United States for the southern district of Ohio.
 Haussknecht brought trespass on the case against Claypool and Lynn in the year 1859, for an infringement of his patent for an improved running gear for carriages. The suit was commenced in the Circuit Court of the United States for the southern district of Ohio and the damages laid at $5,000. The defendants pleaded the general issue and brought divers witnesses to prove that the plaintiff was not the original inventor of the thing he had patented, but that it had been described in printed works, and was in actual public use at a time anterior to the date of his patent. The plaintiff himself was produced as a witness to sustain his own case. His counsel asserted that by the law of Ohio (sec. 310, Code of Civil Procedure) he was a competent witness in his own behalf. The defendants objected on the grounds: First, that he was a party to the cause, and, therefore, incompetent even by the laws of Ohio. Second, that no notice of his intention to testify had been given to the defendants or their attorney; and, third, that by a rule of the court, parties to suits were incompetent witnesses. These objections the court sustained, and the plaintiff's counsel took a bill of exceptions. Verdict for defendants. Writ of error to Supreme Court of the United States sued out by plaintiff.
 Messrs. Lee and Fisher, of Ohio, for plaintiff in error. Section 310 of the Ohio Code of Civil Procedure reads thus: 'No person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime, but such interest or conviction may be shown for the purpose of affecting his credibility.' The 34th section of the judiciary act of 1789 provides, 'that the laws of the several States, except where the Constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.' It would seem to require no proof to show that a rule of evidence was 'a rule of decision,' within the meaning of this act. But this court has expressly decided that question: McNiel vs. Holbrook, (12 Pet., 84.) 'The rules of evidence prescribed by the statute of a State are always followed by the courts of the United States when sitting in the State in commercial cases as well as in others.' Sims vs. Hundley, (6 How., 1.) But it may be said that there was a rule in the court below which disqualified this witness. It is only necessary to reply to this that the court below could not abrogate or overcome a statute of the State by a general rule, any better than by a decision. The rule and the ruling stand on the same footing. No notice that the plaintiff would testify as a witness was necessary in the court below. Section 313 of the Ohio code, which requires such notice, was repealed April 12th, 1858. See section 3d of the statute of Ohio, of said date, entitled 'An act to amend the 313th and 314th sections of the Code of Civil Procedure.'
 It is objected that the bill of exceptions does not aver that the rejected evidence was material to the plaintiff's cause.
 In Smith vs. Carrington, (4 Cranch, 62,) this court held, that if evidence were illegally admitted, the court could not inquire into its weight or importance, but would reverse the judgment; and we suppose the converse of this proposition is equally true, and if evidence be illegally rejected, this court will not inquire into its importance, but will reverse the judgment.
 Mr. Lincoln, of Ohio, for defendant in error. It is true, as claimed on behalf of the plaintiff in error, 'that the laws of the several States, except where the Constitution, treaties, or statutes of the United States, shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law in the courts of the United States, in cases where they apply.' And it is also true, that the Code of Civil Procedure of the State of Ohio provides, in its 310th section, that 'no person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise.' But the same code, in its 604th and 605th sections, enacts, that its provisions shall not affect 'any special statutory remedy,' and that 'where by statute a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceedings under such statute, until the Legislature shall otherwise provide; but the parties may, if they see fit, proceed under this act, and in all such cases, as far as it may be consistent with the statute giving such action, and practicable under this code, the proceedings shall be conducted in conformity thereto.' And it is provided in the same code, section 106, 'that every pleading of fact must be verified by the affidavit of the party, his agent or attorney;' and in sections 83, 85, and 92, 'that the rules of pleading heretofore existing are abolished,' and that the pleadings shall contain 'a statement of the facts constituting the cause of action, (or the defence,) in ordinary and concise language.' Is an action for the infringement of rights secured by a patent, in which the pleadings are specifically regulated by the act of Congress, a case to which the provisions of the Ohio code necessarily apply?
 It will be perceived that the provisions of the statute of Ohio, which makes the parties to the record competent witnesses, are by no means of universal application. The design of the new system of civil procedure was to abolish all distinctions between the pleadings in cases at law and in equity, and to simplify issues, by requiring the pleadings to be in ordinary language, and to be verified by oath, and to abbreviate trials by permitting the parties to testify. But it was not designed to apply the new rules of evidence to cases where the new system of pleading is inapplicable. The right of the court below, under its power 'to make and establish all necessary rules for the orderly conducting of business, provided such rules are not repugnant to the laws of the United States,' to prevent by rule the parties to the record from testifying, is very clear.
 It would have been manifestly improper for the court below to have adopted the provision of the Ohio code changing the law of evidence in the 'civil action,' without at the same time adopting the modes of pleading established by the same code, by which each party, in advance of the trial, is advised of the nature of the testimony to be expected from the adverse party, by the verification, under oath, of the statement of his case, in ordinary and concise language. And the court, in establishing a rule which excludes such testimony from the jury, was equally within the bounds of the law, and within the rules of propriety.
 But, at all events, the judgment in the present action cannot be reversed because of the exclusion of the plaintiff's evidence. The record discloses nothing more than that the plaintiff offered himself as a witness, that the court refused to permit him to testify, and that he excepted. It is not shown that his evidence, if admitted, would have been material; nor does it appear that the exception was taken at the time. And all presumptions are against the existence of error.
 Mr. Justice NELSON.
 
 
 1
 This suit was brought by the plaintiff in error against the defendants for the infringement of a patent for an improvement in the running gear of carriages. The verdict and judgment were for the defendants.
 
 
 2
 The only question presented in the bill of exceptions is, whether or not the plaintiff was a competent witness to give testimony in his own behalf. According to the law of Ohio, parties are competent witnesses. The case falls within the opinion of the court just delivered in the case of Vance vs. Campbell and others. It is objected that the bill of exceptions does not state that the witness was material, and hence there could be no error in his exclusion. The bill of exceptions is brief, presenting only this single question, and stating no more of the case than is necessary to present it, which practice the court commends.
 
 
 3
 The bill states that on the trial the plaintiff, to sustain the issue on his part, offered himself as a witness, and his counsel claimed he was competent, & c. Though it would have been more in conformity with the usual practice to have stated that the witness was material to sustain the issue, we think that enough is stated to imply the materiality, and that this objection cannot be maintained.
 
 
 4
 Judgment reversed—venire de novo.