Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Plaintiffs sued the corporation defendants, in a plea of debt, declaring on five bonds of one thousand dollars each, issued by the city on the 23d day of March, 1850, and made payable ten years after date, to E.
 
 W.
 
 Clark, Brother & Co.,, or bearer, with interest on the same at ten per cent, per annum. The bonds were signed by the mayor and recorder of the city, and purport to have been issued in pursuance of an ordinance of the city, “ to provide for procuring and investing the loan of ten thousand dollars to the city, to be invested in the stock of the Burlington and Mount Pleasant Plank-road Company, and for other purposes.” Declaration alleged that the plaintiffs became the lawful owners and holders of the bonds before they were due, and that the defendants were liable to pay to them the amount of the bonds.
 

 Defendants appeared and pleaded, among other defences, as set up in the answer, that the plank-road company mentioned in the declaration was a private corporation; that the bonds were executed for the purpose of procuring money to invest in the stock of that company, and that the obligees of the bonds purchased the same, and loaned the money, well knowing that the proceeds of the bonds were to be used for that purpose. They also set up the defence that
 
 *272
 
 the officers of the city had no authority to issue the bonds, and that the bonds, as against the defendants, were void.
 

 Parties defendant, under the rules of practice which prevail in the court below, may set forth in the answer as many causes of defence as they may have; hut when the facts stated in the answer, or any division of the same, are not sufficient to constitute a defence, the plaintiff may demur.
 
 *
 
 Neither party is allowed to demur generally, but the requirement in all cases is that the demurrer must distinctly specify, as the grounds of objection, the matters of error intended to be argued as defects in the pleading, and no join-der in demurrer is required.
 
 †
 

 Pursuant to those rules of pleading, the plaintiffs demurred to the answer of the defendants, and assigned, among others, the following causes of demurrer:
 

 1. That the answer did not allege that
 
 the plaintiffs
 
 knew for what purpose the bonds were to he issued, or to what use the proceeds of the same were to he applied.
 

 2. That the answer is defective, because the allegation that the plank-road .company was a private corporation, contradicts the law of the State, of which the court will take judicial notice.
 

 3. That the answer is insufficient, because the defendants, in their corporate capacity, had a right to borrow money, upon a proper vote of their citizens, for any public jiuiqiose, and that the construction of the plank-road mentioned in the pleadings was a public purpose within the meaning of their charter; and that, inasmuch as the money was not borrowed for any illegal purpose, the defence set up was no bar to the action.
 

 Such being substantially the state of the pleadings, the court overruled the demurrer of the plaintiffs, and decided that the answer of the defendants disclosed a good defence to the action; and the plaintiffs electing to stand on that demurrer, judgment was rendered for the defendants, and the plaintiffs sued out this writ of error.
 

 
 *273
 
 1. The pleadings raise the question as to the validity of the bonds mentioned in the declaration, and the effect of the decision in the court below was that they were issued without authority. "Whether valid or invalid, it is certain that they were issued under the provision in the charter of the city which authorized the corporation defendants to borrow money for
 
 any public purpose,
 
 whenever, in the opinion of the City Council, it should be deemed expedient to exercise that power. Certain important conditions, however, are annexed to the exercise of the power, as appears by the provision itself, but it is unnecessary to examine those conditions, as it is conceded by the defendants that there is no formal objection to the exercise of the authority. All the conditions annexed to the exercise of the power, as expressed in the provision, having been fulfilled, the only questions which, under any circumstances, could arise in the case, are whether the provision is a valid one, and if so, whether the power conferred was exercised for a purpose within the meaning of the provision ? Questions of a similar character have been repeatedly before the court, and they have uniformly been decided in the same way. Present defendants presented the same questions to this court at the last term, and the court held that the power to borrow money for any public purpose, within the meaning of the provision, was conferred by the charter in express terms, and that there was nothing in the constitution of the State which limited the authority so conferred, or rendered it invalid. Satisfied with that conclusion, it is not deemed necessary to assign new reasons in its support, or to repeat those adduced in our former opinion.
 

 Proceeds of the bonds in that case had been appropriated in the construction of a railway, and the court held that railways were so far to be considered as in the nature of improved highways, and as indispensablé to the public interest and the successful pursuit even of local business, that a State legislature might authorize the towns and counties of a State through which a railway passes to borrow money, issue their bonds, subscribe for the stock of the company,, or purchase
 
 *274
 
 the same, with a view of aiding those engaged in constructing or completing such a public improvement, and that a legislative .act 'Conferring such authority was not in contravention of any implied limitation of the power of the legislature.
 
 *
 
 Substantially the same decision, as to the power •of the legislature, was made in the case of
 
 Gelpcke
 
 v.
 
 The City of
 
 Dubuque,
 
 †
 
 and it is proper to remark that the opinion of the court in that case was chiefly founded upon a provision in the charter of that city, expressed in the same words as the provision under consideration in this case. ■Same question was presented to this court, on a second occasion, at the last term, and the court unanimously held that, unless restrained by the organic law, the legislature of a State had the right to authorize a municipal corporation to take stock in a railroad or other work of internal improvement, to borrow money to pay for it, and to levy a tax to repay the loan.
 
 ‡
 

 2. Applying these decisions to the present case, it is clear that nothing remains open for discussion except the question, whether the bonds issued to aid in constructing a plank-road fall within the same principle as those issued granting aid to a railway? Plank-roads are as much highways as railroads, and if authorized to be constructed by the legislature, they are public improvements. Money borrowed to aid in the 'Construction of such a work by a municipal corporation is borrowed for a public purpose, and if the road leads from, extends to, or passes through the limits of the corporation .furnishing the aid, the bonds of the corporation given as the means of raising the money, are within the power conferred by that provision.
 
 §
 

 3. Attention is also called to the fact, that the courts of the State have recently decided, in sevei’al cases, that the city bad no authority to issue the bonds; and reference is made to the decisions of this court, where it is held that this
 
 *275
 
 court follows the decisions of the State courts in the settled construction of their constitutions and statutes.
 

 Similar suggestions, in this class of cases, have several times been presented to this, court, and the court has on two occasions carefully examined the subject, and shown to a demonstration that they cannot avail where the bonds, at the time they were issued, were valid by the constitution and laws of the State, as expounded by the courts of the State. Discussion upon that topic is unnecessary, as the point is controlled by those decisions.
 
 *
 

 For these reasons, we are of the opinion that the Circuit Court should have sustained the demurrer of the plaintiffs to the answer of the defendants.
 

 The judgment of the Circuit Court is, therefore, reversed, with costs, and the case is remanded for further proceedings in conformity to the opinion of this court.
 

 Judgment accordingly.
 

 *
 

 Revised Code of Iowa, 520, 527.
 

 †
 

 Id. 518.
 

 *
 

 Rogers
 
 v.
 
 Burlington, 3 Wallace, 654.
 

 †
 

 1 Id. 202.
 

 ‡
 

 Thomson
 
 v.
 
 Lee County, 3 Id. 330.
 

 §
 

 Meyer
 
 v.
 
 City of Muscatine, 1 Id. 384.
 

 *
 

 Gelpcke
 
 v.
 
 Dubuque, 1 Wallace, 202; Havemeyer
 
 v.
 
 Iowa Co., 3 Id. 294.