## Case No. 11,762.

### RICH v. RICKETTS.

[7 Blatchf. 230.] [1]

Circuit Court, N. D. New York. May 2, 1870.

PATENTS—INFRINGEMENT—LIMITATION.

A plea setting up the statute of limitations of the state of New York is a good plea in bar to an action for the infringement of letters patent, brought in this court.

[Cited in May v. Logan County, 30 Fed. 257.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was an action on the case [by Julia Rich, administratrix, against Jonathan Ricketts] for the infringement of letters patent. The defendant pleaded "actio non accrevit infra sex annos." The plaintiff demurred to this plea, and the defendant joined in demurrer.

Alexander H. Ayers. for plaintiff.
John M. Carroll, for defendant.

HALL, District Judge. The plea is based upon the statute of limitations of the state of New York; and it is not denied that the plea sets up a good defence, if this statute of New York is applicable to the case.

No limitation has been prescribed by congress, in cases of this character, unless the state statute has been made applicable by the 31st section of the judiciary act of September 24, 1789 (1 Stat. 92), which provides, that the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.

The cases of Parker v. Hawk [Case No. 10,737] and Parker v. Hall [Id. 10,737, note] are in point in favor of the sufficiency of the plea. In the first of these cases, Judge Leavitt delivered a carefully prepared and well reasoned opinion. In the latter. Judge McLean, sitting with Judge Leavitt, ruled the points in accordance with the decision of Judge Leavitt in the previous case. In Parker v. Hallock [Case No. 10,735] it is said, that Mr. Justice Grier, in a similar case of infringement, held that, as no act of congress had been passed to meet the case, and the law of Pennsylvania did not apply to it, there was no statute limiting the time in which a suit might be brought for an infringement of a patent right; but the statement of the decision is not accompanied by any opinion of the judge, or any statement of the language or provisions of the Pennsylvania statute, or of the grounds or arguments upon which the decision was based. In Collins v. Peebles [Id. 3,017], Judge Swayne is reported to have followed the decision of Mr. Justice Grier, in opposition to the decisions of Mr. Justice McLean and Judge Leavitt; but no written opinion was given by him, and the grounds of the decision are not stated by the reporter. Those cases are the only ones in which this question has been expressly and directly decided, which have been brought to the attention of this court, and unless the decision of Mr. Justice Grier was based upon some difference between the language of the Pennsylvania statute and that of the statute of this state, these cases, standing alone, are so directly in conflict, and so nearly equal in authority, that this case may be considered as one to be determined without regard to such decisions.

It can hardly be necessary to restate the arguments presented by Judge Leavitt in Parker v. Hawk, ubi supra, or to refer to any additional authorities, other than the case of Leffingwell v. Warren, 2 Black [67 U. S.] 599. That case, and the case of McCluny v. Silliman, 3 Pet. [28 U. S.] 270, cited by Judge Leavitt, are more authoritative upon the question in controversy than any other decisions of the supreme court to which my attention has been directed; and these. and numerous other cases, in which the statutes of limitations of the respective states, as well as other state statutes, have been held to furnish the rule of decision in the courts of the United States, seem to require that the demurrer in this case should be overruled.