## BOYCE *v.* TABB.

1. It is no defence to a suit brought on a promissory note executed in Louisiana, in February, 1861, by the holder against the maker, to allege and prove that such note was given as the price of slaves sold to the maker.
2. That such sale was at the time lawful in the said State was a sufficient consideration for a note, and the obligation could not be impaired by laws of the State passed subsequently to the date thereof.
3. No law of the United States has impaired such obligation.
4. The thirty-fourth section of the Judiciary Act of 1789, enacting "that the laws of the several States . . . shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply," does not apply to questions of a general nature not based on a local statute or usage, nor on any rule affecting the titles to land, nor on any principle which has become a rule of property.

ERROR to the Circuit Court for the District of Louisiana; the case being thus:

The thirty-fourth section of the Judiciary Act of 1789 enacts:

"That the laws of the several States . . . shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply."

This provision of law being in force, Boyce, on the 13th of February, 1861, gave to Tabb a promissory note, as the

---

* 1 Stat. at Large, 678; *Locke v. United States,* 7 Cranch, 339.

consideration for the sale of certain slaves. At the time the note was given, as ever before in Louisiana since it had been settled by the whites, slavery existed, and the sale of slaves was lawful. But in 1865 an amendment, the 13th, to the Constitution of the United States was adopted, in these words:

"Neither slavery nor involuntary servitude . . . shall exist within the United States or any place subject to their jurisdiction."

And in 1867 the Supreme Court of Louisiana adjudged it to be a principle of jurisprudence in that State that contracts for the sale of persons were void, and should not be enforced in their courts. After this decision, that is to say, in July, 1868, Tabb sued Boyce on the note. Boyce pleaded that the consideration of the note was the sale of slaves, and that the decisions of the Supreme Court of Louisiana had fully and unequivocally established that all obligations thus contracted were void and of no effect.

The court thus charged:

"It is not a legal defence to a suit brought on a promissory note executed in this State on the 13th of February, 1861, by the holder against the maker thereof; to allege and prove that such note was given as the price, or a part of the price, of slaves sold to the maker.

"That such sale was at the time lawful and valid in the said State is a sufficient consideration for a note, and the obligation cannot be impaired by laws of a State passed subsequently to the date thereof.

"No law of the United States has impaired such obligation."

Verdict and judgment, having gone for the plaintiff, the defendant brought the case here.

*Mr. P. Phillips, for the plaintiff in error*, relied on the decisions of the Supreme Court of Louisiana, already referred to, and the thirty-fourth section of the Judiciary Act of 1789, above quoted.

*Mr. L. L. Conrad, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

If, when the note in question was executed, slavery existed in Louisiana under the protection of law, and contracts relating to it were enforceable in the courts, which is conceded to be the case, the defendant cannot be released from his obligation to pay it by anything which the State has done subsequently. This subject received the careful attention of this court in *White* v. *Hart*,\* and we are satisfied of the soundness of the views there presented. The case of *Osborne* v. *Nicholson*† is also decisive of the last point in the charge. In that case it was held that contracts relating to slaves, valid when made, were not impaired by the thirteenth amendment to the Constitution, and it would serve no useful purpose to restate the argument by which that decision was supported. It is sufficient to say that we have seen no reason to question the correctness of the interpretation given to that amendment in its application to that case.

It is urged on the part of the plaintiff in error, as the highest court in Louisiana has, on grounds of public policy, refused to enforce contracts like this since the abolition of slavery, that the thirty-fourth section of the Judiciary Act of 1789 obliges this court to follow that rule of decision. This is an erroneous view of the obligation imposed by that section on this court, as our decisions abundantly show.‡ The provisions of that section do not apply, nor was it intended they should apply, to questions of a general nature not based on a local statute or usage, nor on any rule of law affecting titles to land, nor on any principle which had become a settled rule of property. The decisions of the State courts, on all questions not thus affected, are not conclusive authority, although they are entitled to, and will receive from us, attention and respect.

JUDGMENT AFFIRMED.

---

\* 13 Wallace, 647.                              † Ib. 655.

‡ Swift *v.* Tyson, 16 Peters, 1; Watson *v.* Tarpley, 18 Howard, 520; Delmas *v.* Insurance Company, 14 Wallace, 665.