ANTHONY, (BARTON v.) See Case No. 1,-084.

---

## Case No. 487.
### ANTHONY v. CARROLL.

[2 Ban. & A. 195;[1] 9 O. G. 199; 23 Pittsb. Leg. J. 123.]

Circuit Court, D. Massachusetts. Dec., 1875.

PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—STATE STATUTE OF LIMITATIONS.

1. State statutes of limitation cannot be pleaded in bar, in a suit for the infringement of a patent.

[Cited in May v. Logan Co., 30 Fed. 257.]

[See Sayles v. Dubuque & S. C. R. Co., Case No. 12,417.]

2. Whether a court of equity will entertain a suit for the benefit of an assignee of a right of action for a tort, quaere.

[In equity. Bill by R. C. Anthony and the American Wood-Paper Company against John Carroll for an accounting for the alleged infringement of patent No. 17,387. Heard on demurrer to the bill. Demurrer overruled.]

Francis C. Nye and L. C. Ashley, for complainant.

Browne & Holmes, for defendant.

SHEPLEY, Circuit Judge. This bill in equity, filed July 27, 1874, alleges the grant of letters patent of the United States to· Marie Amedee Charles Mellier for a new and useful improvement in making paper-pulp; the assignment by Mellier to one Buchanan, June 19, 1857, of all Mellier's right and title to the invention secured by the letters patent; the assignment by Buchanan

[1][Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

to Buffam, trustee of the American Wood-Paper Company, October 14, 1863, and the assignment by Buffam to that company June 16, 1865, of his legal estate in the patent. The infringement by the defendant, and consequent profit to defendant and damage to the American Wood-Paper Company, is alleged from October 14, 1863, to August 19, 1867. The bill alleges an assignment, August 19, 1867, from that company to Gardner Harland of "all their claims against the said defendant for the said damages and profits for the ·said infringement during the said period," and an assignment by Harland to R. C. Anthony, one of complainants, October 4, 1873, of all said claims. The bill is brought by R. C. Anthony, a citizen of New York, and the American Wood-Paper Company, a corporation created by the legislature of the state of Rhode Island and located at Providence in said state, against the defendant, a citizen of Massachusetts, for a discovery and account of profits, and for damages and other relief.

The defendant has demurred generally to this bill, and in support of his demurrer relies upon the bar of the statute of limitations of the commonwealth of Massachusetts, and also upon the character of the claim alleged in the bill. The limitation in cases of tort in this commonwealth is six years. Gen. St. Mass. c. 155, § 1. As a general rule, the laws of the state in which a national court sits must be the rules of decision in such court. The thirty-fourth section of the judiciary act provided that "the laws of the several states, except when the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as the rules of decision in trials at common law in the courts of the United States in cases where they apply." It is too well settled to require the citation of authorities, that, in ordinary actions at common law, the statutes of limitation of the state where the suit is brought may be .pleaded in bar under this provision of the judiciary act. Whenever the cause of action is one cognizable by a court of common law, a court of equity, in accordance with the general rules of equity jurisprudence, follows the law in relation to the limitations of actions. The question presented is whether this rule applies to actions, the subject-matter of which is under the exclusive control of the national legislature and judiciary.

Mr. Justice Swayne held, in the case of Collins v. Peebles, [Case No. 3,017,] that the state statutes could not limit the time within which actions for the infringement of letters patent might be brought in the courts of the United States; that congress having failed to legislate upon this subject, there was no limit to the time for bringing such actions; and Mr. Justice Grier is reported, in a note to the above case, to have so decided in the· case of Par-ker v. Halleck, [Id. 10,735.] To the same effect is the decision in Read v. Miller, [Id. 11,610.] In the case of Parker v. Hawk, [Id. 10,737,] the learned judge of the southern district of Ohio decided that the limitation act of Ohio applied to an action on the case in the circuit court of the United States for an infringement of a patent. It is stated, in a note to that, that the decision was affirmed by Mr. Justice McLean. Parker v. Hawk, [supra,] was decided on the authority of M'Cluny v. Silliman, 3 Pet. [28 U. S.] 270. But M'Cluny v. Silliman is by no means decisive of the question. That was an action on the case ·against the defendant as register of a land office in Ohio for nonfeasance, in refusing at the request of the plaintiff to enter his application.for the purchase of certain government lands, as required by an act of congress. Such an action against an officer for non-feasance could have been prosecuted in the state as well as in the federal courts. The cause of action was one over which the national and state courts had concurrent jurisdiction. Such a case clearly falls within the provisions of section thirty-four of the judiciary act. It is one of the cases where the laws of the state apply. But how can it be contended that the laws of the states apply to an action for the infringement of a patent, when the right of action is exclusively under the constitution and laws of the United States, when the form of the remedy is prescribed by the acts of congress, and when the circuit courts of the United States are clothed by statute with exclusive jurisdiction over the whole subject-matter?

Should the legislature of a state pass an act in express terms limiting the time for bringing an action in the federal courts for infringement of patent rights, there can be no reasonable doubt that such a statute would be unconstitutional and void. The policy of the government to provide a uniform system of rights and remedies throughout the United States upon the whole subject-matter of patents for new and useful inventions and discoveries, by placing it under the control of congress and the federal courts, would be frustrated, if such state legislation could directly or indirectly limit, restrict, or take away the remedy. For these reasons, I think no state statute of. limitation can be pleaded in bar of this action. It is contended, in support of the demurrer, that a court of equity will not entertain a suit for the benefit of an assignee of a right of action for a tort. The question whether a court of equity would entertain this bill, if brought only in the name of an assignee of a right of action for a tort, does not necessarily arise in this case, as this bill is brought by the assignor, who is also the owner of the patent, and who, under the rules of equity pleading, joins with him the assignee, he being beneficially interested therein. The better opinion seems to be

that, if the claim be for an injury to one's estate or property, and not to a mere solatium for an injury done to the person or feelings of the assignor, the claim may be assigned. People v. Tioga, 19 Wend. 73; McKee v. Judd, 2 Kern. [12 N. Y.] 622; Milnor v. Metz, 16 Pet. [41 U. S.] 221. The demurrer of the defendants is not sustained.

[NOTE. For other cases involving the same patent, see note to American Wood-Paper Co. v. Fiber Disintegrating Co., Case No. 320.]