## Case No. 12,423.

SAYLES v. OREGON CENT. RY. CO.

[6 Sawy. 31; 4 Ban. & A. 429; 8 Reporter, 424; 11 Chi. Leg. News, 383.] [1]

Circuit Court, D. Oregon. July 28, 1879.

PATENTS—LIMITATION—STATUTES—AMENDMENTS—OREGON CONSTITUTION.

1. Under section 721 of the Revised Statutes, the state statute of limitations applies to actions in the national courts, except where the laws of the United States otherwise provide.

2. The limitation contained in section 55 of the patent act of July 8, 1870 (16 Stat. 206), was repealed by operation of section 5596 of the Revised Statutes, but as to all actions and suits upon causes arising before said repeal—June 22, 1874—said limitation was continued in force by section 5599 of the Revised Statutes, and therefore an action to recover damages for the infringement of a patent before June 22, 1874, is not within the operation of the state statute of limitations.

3. Semble that under section 22 of article 4 of the constitution of the state of Oregon, a section of a statute can not be amended by simply repealing a clause or subdivision of it, and that therefore subdivision 5 of section 6 of the Oregon Civil Code, in which six years are given to bring this action, is still in force notwithstanding the attempt to repeal the same by the act of October 22, 1870 (Sess. Laws, p. 34).

[This was an action by Thomas Sayles against the Oregon Central Railway Company to recover damages for the infringement of a patent.]

---

[1] [Reported by L. S. B. Sawyer, Esq.; reprinted in 4 Ban. & A. 429; and here republished by permission.]

· Addison C. Gibbs, for plaintiff.
Joseph N. Dolph, for defendant.

DEADY, District Judge. This action was brought to recover damages for the unlicensed use of a patented railway car-brake. The complaint states that the invention was patented to one Henry Tanner for the period of fourteen years on July 6, 1852, and afterwards, on July 6, 1866, the patent was extended for seven years; that on July 13, 1854, Tanner assigned the patent and extention for certain parts of the United States, including Oregon, to the plaintiff; and that the defendant, between July 6, 1871, and July 6, 1873, did make and use said brake in violation of said patent and the assignment aforesaid, to the damage of the plaintiff, four hundred and seventy-five dollars.

The defendant demurs to the complaint, and substantially alleges that the cause of action is barred by lapse of time. Section 55 of the patent act of July 8, 1870 (16 Stat. 206), provides that the circuit courts of the United States shall have cognizance of all actions arising under the patent laws, and that all such actions "shall be brought during the term for which the letters patent shall be granted or extended, or within six years after the expiration thereof." In the Revised Statutes, said section 55 is re-enacted as section 4921, less the limitation clause above quoted, which was repealed by operation of section 5596 of the Revised Statutes. Section 721 of the Revised Statutes re-enacts section 34 of the act of September 24, 1879, making the laws of the several states "rules of decision in trials at common law," except where the laws of the United States otherwise provide. Under this section it has been uniformly held that where congress had not otherwise specially provided, the state statute of limitations applies to actions in the national courts.

It follows from this statement of the case, that unless there is a saving clause in the repealing provisions of the Revised Statutes, the only statute of limitation now or since June 22, 1874, applicable to this class of actions, is that of the state. Upon the assumption that there is no such saving clause, the defendant contends that this action is barred by subdivision 1 of section 8 of the Oregon Civil Code, which limits the time for the commencement of the actions therein enumerated to two years from the time the cause of action accrued.

But there is a serious question whether the state statute does not give six years in which to bring this action. Originally, the clause in subdivision 1 of section 8 concerning actions for any other "injuries to the person or rights of another," under which it is sought to bar this action, was contained in subdivision 5 of section 6, that gives six years in which to sue upon causes of action therein enumerated. By the act of October 22, 1870 (Sess. Laws, p. 34), it was attempted to amend both sections 6 and 8 of the

Code by simply repealing subdivision 5 of the former, and repealing and re-enacting the latter, so as to include in subdivision 1 thereof the cases before then provided for in said subdivision 5, and thereby reduce the time within which actions might be brought thereon from six years to two. It can hardly be doubted that this attempt to amend said section 6, by simply repealing a certain portion of it, is in direct violation of section 22 of article 4 of the constitution of the state, which provides that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length."

Now, although section 8 may have been properly amended, yet, if section 6 was not, then subdivision 5 thereof is still in force; wherefore the result is that there are two periods of limitation in the statute for actions of this kind—one for six years, and the other for two. In such a case, the plaintiff may avail himself of the longer period, and the shorter is practically a nullity. But I think there is no reasonable doubt that section 5599 of the Revised Statutes contains a saving clause by which the limitation in section 55 of the act of 1870, supra, is continued in force for the purposes of this action. It reads: "All acts of limitation whether applicable to civil causes and proceedings, or to the prosecution of offenses, or for the recovery of penalties or forfeitures embraced in said revision and covered by said repeal, shall not be affected thereby, but all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising, or acts done or committed prior to said repeal, may be commenced and prosecuted within the same time as if said repeal had not been made." It is difficult to conceive of anything plainer or more comprehensive than this. Read simply with reference to this case, it provides that any act of limitation applicable to actions for the infringement of patents embraced in the Revised Statutes, or covered by the repealing clauses thereof, shall not be affected thereby, but all such causes of action arising prior to said repeal may be commenced and prosecuted as if said repeal had not been made, which would be at any time within six years from the expiration of the patent or the extention thereof.

Counsel for the demurrer cites Sayles v. Richmond F. & P. Ry. Co. [Case No. 12,424], in which it seems to have been assumed that the limitation clause in section 55 of the act of 1870, supra, was unqualifiedly repealed by the Revised Statutes, and that therefore the limitation in actions and suits for the infringements of a patent, since June 22, 1874, under section 721 of the Revised Statutes, is to be found in the law of the state where the same is brought. But, as in that case the suit was not barred by either the national or state statute, it was not material to inquire further; and, in fact, the attention of

the court does not appear to have been called to section 5599, supra, which, as has been shown, expressly provides that actions and suits upon causes arising before the revision and repeal of June 22, 1874, "may be commenced and prosecuted within the same time, as if said repeal had not been made." The demurrer is overruled.

[For other cases involving this patent, see note to Sayles v. Chicago & N. W. Ry. Co., Case No. 12,414.]