## Sonstby v. Keeley.

### (Circuit Court, D. Minnesota. March, 1882.)

1. Fraudulent Vendor—Protection of Bona Fide Purchaser.

   Where a person purchases a stock of goods in good faith, and without notice of fraud on the part of the vendor, and pays a part only of the consideration, and for the balance of the consideration assumes the debts of the vendor held by a bank, and agrees to pay the same, such agreement is equivalent to payment, and he is entitled to protection as a *bona fide* purchaser against the attaching creditors of the fraudulent vendor to the full amount of the consideration.

2. Liability—Rule of Decision of State Court.

   In such a case the purchaser, under the rulings of the supreme court of the state, is *held* liable for such debts, and this court will apply the rule established by such supreme court if it appears that by reason of the situation of the parties and of the subject-matter that to hold otherwise would subject the party to double payment.

*Wilson & Gale* and *Rogers & Rogers*, for the motion.

*C. K. Davis*, contra.

McCrary, C. J. I have grave doubts as to the propriety of attempting to apply to a case at law the principle invoked by counsel for defendant in this case. That principle is that where a vendee buys in good faith, and without notice of fraud on the part of the vendor, and pays a part only of the consideration, agreeing to pay the remainder at a future day, if, before such remainder is paid, he receives notice of the vendor's fraud, he will be protected only to the amount actually paid before notice. No doubt this is sound principle in equity; but can it be applied by a court of law? Can such a court rescind the contract *pro tanto*, and place the parties *in statu quo*? If so, can it be done in a case like the present, in which no issue is made except upon the validity of the sale? If the sale was held void, so as to leave the title in Forbes, against whom the attachments were issued, judgment at law could be rendered for defendant; but where the sale is found to be valid and *bona fide*, so far as the vendee is concerned, and the title is vested in him, and where he has sold or disposed of a portion of the stock, and probably expended money and given time and labor in its care and preservation, it seems probable that only a court of equity would be competent to grant any relief to the creditors of the vendor.

But it is not necessary to pass finally upon this question, as I am clearly of the opinion that the proof shows a payment by plaintiff of the whole of the purchase price. It is contended that the promise by plain-

tiff to assume and pay the indebtedness of Forbes at the bank, though made as a part of the consideration for the purchase, was not payment, and this for the reason that plaintiff is not legally bound to pay those debts. It is said that the holders of those claims cannot sue plaintiff and recover upon them. Upon this question there is a conflict of authority in this country. In many of the states the right of action by the payee of such debts against the party assuming to pay them is maintained, even where such payee is not party to the contract.

This is upon the ground that such a promise is an original promise, based upon a valuable consideration, namely, the sale and delivery of the goods. 1 Parsons, Cont. (5th Ed.) 466–468; *Farley* v. *Cleveland,* 4 Cow. 432; *Same* v. *Same,* Id. 639; *Canal Co.* v. *Bank,* 4 Duer, 97; *Lawrence* v. *Fox,* 20 N. Y. 268; *Arnold* v. *Lyman,* 17 Mass. 400; *Carnigie* v. *Morrison,* 2 Metc. 404; *Crocker* v. *Stone,* 7 Cush. 341; *Hynd* v. *Holdship,* 2 Watts, 104; *Burs* v. *Robinson,* 9 Barr, 229; *Eddy* v. *Roberts,* 17 Ill. 508; *Todd* v. *Tobey,* 29 Me. 219; *Motley* v. *Manuf'g Ins. Co.* Id. 337; Metcalf, Cont. 205–11, and cases cited in notes.

And such is the law in Minnesota, as repeatedly decided by the supreme court of that state. *Sanders* v. *Clason,* 13 Minn. 379; *Goetz* v. *Foos,* 14 Minn. 265; *Merriam* v. *Lumber Co.* 23 Minn. 314. But the opposite doctrine is maintained by numerous cases, and among them by the supreme court of the United States, in *Nat. Bank* v. *Grand Lodge,* 98 U. S. 123; 2 Chitty, Cont. (11th Ed.) 74, and cases cited in notes; *Mellen* v. *Whipple,* 1 Gray, 317.

Ordinarily, this court would feel bound to adopt and follow the rule laid down by the supreme court in *Nat. Bank* v. *Grand Lodge, supra;* but, under the peculiar circumstances of the present case, I am clearly of the opinion that I ought to apply the rule established by the supreme court of the state of Minnesota. It will be observed that the plaintiff assumed and agreed, in consideration of the sale to him of the stock of goods, etc., to pay certain debts held by the bank against Forbes. In so far as the debts are the property of the bank, it is certain that they can be sued upon only in the state courts; for it appears that the bank is a corporation of the state of Minnesota, and the plaintiff a citizen of that state. How many of these debts belong to the bank, and how many to other parties represented by the bank, and how many of such other parties are citizens of Minnesota, does not appear, nor is it material. It is enough to say that certainly a part, and probably the whole, of said debts could only be

collected by suit in the state courts. It may be that some of the claims are less than $500, and for that reason not within the jurisdiction of this court. I must assume, therefore, that, in case plaintiff refuses to pay said claims, suits must be brought certainly upon some of them, and probably upon all of them, in the courts of Minnesota.

So far as those courts are concerned, as already seen, the law is settled by repeated decisions of the supreme court, and in accordance therewith the plaintiff would be held liable in a suit by the payee of any of said debts. The question therefore is, shall this court hold that the creditors of Forbes are entitled to recover from plaintiff the sum of those debts in this case, and thus subject him to a second payment of the same amount to the holders of the claims?

A decision which would establish such injustice as this is not, I am sure, required at my hands. It is true that this case does not belong to the class in which, as a rule, the federal courts are required to follow the decisions of the highest judicial tribunal of the state. But, although the question is a new one, I am clearly of the opinion that, even on questions purely of commercial law, the federal courts should follow those decisions if it appears that by reason of the situation of the parties and of the subject-matter to hold otherwise would subject a party to double payment of the same debt, without the possibility of relief from the federal courts.

The motion for a new trial is overruled.

## NOTE.

STATE STATUTES AS RULES OF DECISION. Section 721, Rev. St., originally section 34 of the judiciary act, (1 St. 92,) is construed only to include civil cases at common law, and not criminal offences against the United States.(a) It is limited strictly to local laws;(b) that is to say, to the positive statutes of the state,(c) to private statutes,(d) and does not apply to questions of a general nature,(e) as to contracts of a commercial nature, the true interpretation of which is sought in the doctrine of commercial jurisprudence.(f) United States courts adopt and follow the decisions of the state courts in questions which concern merely the constitutions(g) and statutes of the state,(h) given by the highest state tribunal as part of the law.(i) It applies to the construction of a law providing for administration of estates,(j) or the construction of devices cre-

(a) United States v. Reid, 12 How. 361.
(b) Swift v. Tyson, 16 Pet. 1; Boyce v. Tabb, 18 Wall. 546.
(c) Swift v. Tyson, 16 Pet. 1.
(d) Williamson v. Berry, 8 How. 495.
(e) Boyce v. Tabb, 18 Wall. 546.
(f) Swift v. Tyson, 16 Pet. 1.
(g) Luther v. Borden, 7 How. 1; Jefferson Branch Bank v. Skelly, 1 Black, 436.

(h) Luther v. Borden, 7 How. 1; Morgan v. Curtenius, 20 How. 1; Jefferson Branch Bank v. Skelly, 1 Black, 436.
(i) Lavin v. Emigrant Indust. Sav. Bank, 1 Fed. Rep. 650; Christy v. Pridgeon, 4 Wall. 196. See Leffingwell v. Warren, 2 Black, 603; Shelby v. Gay, 11 Wheat. 367.
(j) Lavin v. Emigrant Indust. Sav. Bank, 16 Blatchf. 11; S. C. 1 Fed. Rep. 641.

ating estates in fee;(*k*) but the mere construction of a will by a state court does not, as the construction of a statute of the state, constitute a rule of decision for the courts of the United States, unless such construction had been so long acquiesced in as to become a rule of property.(*l*)

It applies to principles establishing title to real property,(*m*) and the construction by the state supreme court of the state statutes establishing the rule of property.(*n*) This rule of decision does not apply on the general principles of equity, not controlled by local law or usage,(*o*) nor to remedies at common law or in equity,(*p*) but a non-resident complainant can ask no greater relief than he could were he to resort to the state courts.(*q*) The rule applies on questions of jurisdiction of inferior courts of the state under state laws,(*r*) as on a question to subject legal and equitable interests in real estate to the claims of creditors,(*s*) but not to the practice of allowing ejectments to be maintained on equitable titles,(*t*) nor to state laws regulating proceedings on executions and other process in suits at common law,(*u*) nor to all rules governing procedure and practice;(*v*) but it applies to rules of evidence(*w*) and to the statute of limitations of the state,(*x*) as limitations of actions and executions on judgments,(*y*) except where the laws of the United States otherwise provide,(*z*) as in patent cases.(*a*)

The decisions of state courts will be followed as to the construction of a contract declared by the state court void, on the general principles of public policy, unless the question was whether the legislation impairs the obligation of the contract.(*b*) It applies to the interpretation of contracts made by the state, as statutes authorizing municipal corporations to subscribe to aid railroads extending beyond the limits of the city or county, and to issue bonds accordingly,(*c*) and to the question as to the validity of municipal bonds issued by the state,(*d*) but not to a question of contract made by the state, which violates the constitution of the United States.(*e*) So it applies to the construction of a state grant, as a ferry franchise.(*f*)—[Ed.

(*k*) Van Rensselaer v. Kearney. 11 How. 297; Carroll v. Lessee of Carroll, 16 How. 275.

(*l*) Lane v. Vick, 3 How. 464.

(*m*) Suydam v. Williamson, 24 How. 427; Chicago City v. Robbins, 2 Black, 418.

(*n*) Green v. Neal, 6 Pet. 291; Ross v. Duval, 13 Pet. 45; Lauriat v. Stratton, 18 Blatchf. 11; S. C. 11 Fed. Rep. 107; citing Polk's Lessee v. Wendel, 9 Cranch, 98; Jackson v. Chew, 12 Wheat. 162; Nichols v. Levy, 5 Wall. 433.

(*o*) Neves v. Scott, 13 How. 268; Montejo v. Owen, 14 Blatchf. 326.

(*p*) Robinson v. Campbell, 3 Wheat. 212.

(*q*) Ewing v. St. Louis, 5 Wall. 413.

(*r*) Jeter v. Hewitt, 22 How. 352.

(*s*) Nichols v. Levy, 5 Wall. 433.

(*t*) Sheirburn v. De Cordova, 24 How. 423.

(*u*) Wayman v. Southard, 10 Wheat. 1; Ross v. Duval, 16 Pet. 45.

(*v*) Brown v. Van Braam, 3 Dall. 344.

(*w*) Haussknecht v. Claypool, 1 Black, 431.

(*x*) Leffingwell v. Warren, 2 Black, 599; Sayles v. Oregon Cent R. Co. 6 Sawy. 31.

(*y*) Sayles v. Oregon Cent. R. Co. 6 Sawy. 31; Sayles v. Louisville City R. Co. 9 Fed. Rep. 513.

(*z*) Sayles v. Oregon Cent. R. Co. 6 Sawy. 31.

(*a*) Id.

(*b*) Delmas v. Ins. Co. 14 Wall. 661. See Bridge Proprietors v. Hoboken Co. 1 Wall. 145.

(*c*) Gelpcke v. Dubuque, 1 Wall. 175.

(*d*) Mitchell v. Burlington, 4 Wall. 271.

(*e*) Bridge Prop. v. Hoboken Co. 1 Wall. 145. See Delmas v. Ins. Co. 14 Wall. 661.

(*f*) Conway v. Taylor, 1 Black, 603.

See *Moores* v. *Citizens' Nat. Bank*, notes of cases, *post.*