## HAYDEN v. THE ORIENTAL MILLS.

*(Circuit Court, D. Rhode Island. March 12, 1883.)*

PATENT LAWS— LIMITATION OF ACTIONS—COPY UNDER THE PROVISIONS OF REV. ST. § 721.

> State statutes of limitations are applicable to actions at law for the infringement of a patent.

At Law.

*J. L. S. Roberts,* for plaintiff.

*Benj. F. Thurston,* for defendant.

Before LOWELL and COLT, JJ.

LOWELL, J. The plaintiff brings this action on the case for infringement of his rights under a patent. The defendant pleads that the infringement, if any, occurred more than six years before action brought, which is a bar by the statute of Rhode Island. Pub. St. c. 205, § 3. The plaintiff demurs.

Several judges of great ability and experience have held that the statutes of limitations of the states do not affect actions upon patent rights, upon the theory that section 34 of the judiciary act, (now Rev. St. § 721,) making the laws of the states the rules of decision in the courts of the United States, in actions at the common law, does not apply to actions which are within the exclusive jurisdiction of the courts of the United States. There are several able decisions on the other side, but perhaps the weight of authority is with the plaintiff on this point. We give the citations in a note at the end of this opinion. This is an action at law, and if the statutes in question do not apply, there is no limitation, unless it be that of Rhode Island in 1789, for a court of common law has no discretion to refuse to entertain stale claims.

This result appears to us to be inadmissible. No reason is given in any decision for excepting one class of cases out of section 721. Some arguments upon the general question have been made which we shall advert to. There is no such exception in the statute itself, and none in its intent and purpose. Exclusive jurisdiction is given for reasons which are apart from this question. For instance, in patent cases the federal courts have this control in order that the construction of the law and of the patents granted under it may be as nearly uniform as possible, not that the remedies of a patentee shall be of uniform duration. Equity is a uniform system in the federal courts throughout the United States, but the remedies in equity are barred in those courts by the state statutes of limitations in certain cases.

Suppose congress chooses to give assignees in bankruptcy or national banks an exclusive right to sue in the courts of the United States, can any one maintain that their debtors have no protection by the lapse of time, unless a special statute of limitations is passed by the national authority?

This theory of the dependence of section 721 upon concurrent jurisdiction seems to be an echo of the rule that courts of equity, and perhaps even courts of admiralty, are bound by the state statutes of limitations in cases of concurrent jurisdiction; but it is not concurrent jurisdiction of the state courts, but that of courts of common law, state or national, which decides the point. Besides, what is this concurrent jurisdiction? There are very few cases in which the jurisdiction is really concurrent. In nearly all the defendant has an absolute and conclusive right to make the jurisdiction of the federal courts exclusive by a removal of the cause.

The truth is that section 721 is a declaratory act, announcing a general doctrine of international law, and the supreme court have so construed it. They apply it only to local matters, such as land laws, statutes of limitations, and the like, and in those cases they apply the same rule in equity, though equitable suits are not mentioned in the act; and on the other hand they refuse to apply it to general questions, such as those of commercial law, though when arising at common law they are within the words of the act.

The United States, when they are plaintiffs, are not bound by such statutes of limitations; but this is because they are not bound by similar acts of congress, unless specially mentioned, and they are not mentioned in section 721. It is said that the states cannot declare when actions on patent rights shall be barred. Very true; but neither can they bar any actions in the federal courts. The bar arises from the constitution and situation of those courts, the general international law, and section 721. If not, it would seem to follow that there is no limitation, or that it depends upon the law of Rhode Island in 1789, as in *U. S.* v. *Read*, 12 How. 361, in which the court, finding that section 721 did not apply to criminal cases, were obliged to find some law, and went back to the origin of the government.

To us it seems as inadmissible to say that section 721 does not apply to patent cases, as that the law adopting the general practice of the states does not apply to them. In one particular it perhaps does not, because the statute says that an action on the case shall be the remedy. This is a reproduction of the old law which was passed when all the states had that form of action, and it may or may not

now be an exclusive remedy; but no one can deny that in other respects the process and procedure acts apply to actions at law for the infringement of patent rights. A dozen questions may arise in any patent case which can only be decided by the law of the state.

There is no doubt, of course, of the right of congress to make a statute of limitations for patent causes. The power is specially reserved in section 721, and by the act of 1870, section 55, (16 St. 206,) they made such a law, which provides that all actions shall be brought within the term for which letters patent shall be granted or extended, or within six years thereafter. Congress, when they passed this act, may have supposed that there was no limitation; but, if so, they found out their mistake, for they repealed this part of the patent law, when they passed the Revised Statutes, by omitting it from the chapter on patents. *Sayles* v. *Oregon Central Ry. Co.* 6 Sawy. 31; *Vaughn* v. *East Tenn., etc., R. Co.* 11 O. G. 789. When they thus repealed the act of congress, the state law became again applicable to future infringements, but one of the repealing sections (section 5599) reserves all existing causes of action, so far as limitations are concerned, precisely as though no repeal had been made. *Sayles* v. *Oregon Central Ry. Co., supra; Vaughn* v. *East Tenn., etc., R. Co., supra.*

The plaintiff declares upon a patent granted in 1857 and extended in 1861, expiring in 1878, and alleges damage for the whole period of 21 years. The plea, which merely sets up the bar of six years before action brought, does not fully answer this declaration in the view we have taken of the law, because, granting that when the act of 1870 was passed, an action for a part of the damages was barred, and granting that all causes of action which have accrued since the act was repealed, and more than six years before the service of the writ, are barred, there may remain, for anything that appears by the declaration, certain rights which arose between these times which are saved by the very strong language of the repealing act. The precise effect of these acts and repeals will come up more properly at the trial, under a modified plea, if one should be filed. It is plain that the plea is too broad and must be overruled.*

*That the state statutes govern such cases: *Parker* v. *Hawk,* 2 Fisher, 58; *Parker* v. *Hall,* 2 Fisher, 62, note; *Rich* v. *Ricketts,* 7 Blatchf. 230; *Sayles* v. *Oregon Cent. Ry. Co.* 6 Sawy. 31; *Sayles* v. *R. F. & P. R. Co.* 4 Ban. & A. 239. That the state laws do not govern: *Parker* v. *Hallock,* 2 Fisher, 543, note; *Collins* v. *Peebles,* 2 Fisher, 541; *Read* v. *Miller,* 2 Biss. 12; *Anthony* v. *Carroll,* 2 Ban. & A. 195; *Wood* v. *Cleveland Rolling-mill Co.* 4 Fisher, 550; *Wetherell*