# TEXAS AND PACIFIC RAILWAY COMPANY *v.* COX.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 327. Argued April 22, 1892. — Decided May 16, 1892.

The proviso in § 6 of the act of March 3, 1887, 24 Stat. 552, c. 373, does not limit the operation of § 3 of that act as corrected by the act of August 13, 1888, 25 Stat. 433, 436, c. 866; and a Circuit Court of the United States may take jurisdiction of an action against a receiver or manager of property appointed by it, without previous leave being obtained, although the action was commenced before the enactment of the statute.

The jurisdiction exists because the suit is one arising under the Constitution and laws of the United States.

A demurrer to a petition upon the ground that it does not set out a cause of action without taking notice of the fact that the suit is brought in the wrong district is a waiver of objection on account of the latter cause.

The rule that an amended declaration which sets forth a new cause of action is subject to the operation of a limitation coming into force after the commencement of the action does not apply to an amendment which sent forth the same cause of action as that set forth originally.

A cause of action founded upon a statute of one State, conferring the right to recover damages for an injury resulting in death, may be enforced in a court of the United States sitting in another State if 'it is not inconsistent with the statutes or public policy of the State in which the right of action is sought to be enforced.

This cause of action founded upon the statute of Louisiana, conferring such right, is enforceable in Texas, notwithstanding the decisions of the courts of that State, referred to in the opinion in this case, those cases being in construction of the statute of Texas on that subject, and not applicable to the Louisiana statute.

A case should not be withdrawn from the jury unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish.

THIS was an action brought by Mrs. Ida May Cox, a citizen of Texas, in the United States Circuit Court for the Eastern District of Texas, on the 3d of September, 1887, against John C. Brown and Lionel L. Sheldon, as receivers of the Texas and Pacific Railway Company, to recover damages for the death of her husband, Charles Cox, resulting from their negligence while operating that company's road. Judgment was rendered against Brown and Sheldon as such receivers, and Sheldon having resigned as receiver, and his resignation having been accepted by the court, Brown, as sole receiver, prosecuted this writ of error. While the writ was pending Brown was discharged as receiver, and the railway company was restored to the possession of its property, and this court, in November, 1889, with the consent of the parties, made an order substituting the Texas and Pacific Railway Company as plaintiff in error in lieu of Brown, receiver. This was done upon a stipulation "that the said Texas and Pacific Railway Company may be substituted as plaintiff in error in the above-entitled cause now pending undetermined upon writ of error in this court; such substitution, however, not to affect any of the questions or controversies presented by the record herein, and the questions and controversies presented by the record are to stand for the decision of this court the same as if such substitution had not been made."

The petition stated that the railway company, its lines running through Texas and Louisiana, and all its properties, were

put in the hands of receivers, December 16, 1885, by order of the Circuit Court for the Eastern District of Louisiana; that Brown and Sheldon were appointed and qualified at once as receivers, and had been ever since and were now such and that Brown resided in the county of Dallas, Texas, and Sheldon in the State of Louisiana. That Cox was in their employment January 6, 1887, as a freight conductor, and received the injury which resulted in his death on that day while attempting to make a coupling of cars, because of the defective condition of the cross-ties and of the road-bed, through the negligence of the receivers. The injury was alleged to have been inflicted in the State of Louisiana, and it was claimed that the plaintiff was entitled to recover under the law of that State, which was set forth, as well as under that of the State of Texas, it being averred that they were substantially the same. These statutes are given, so far as necessary, in the margin.[1]

---

[1] Texas (2 Sayles's Civ. Stats. 26, 27):

"Art. 2899. An action for actual damages on account of injuries causing the death of any person may be brought in the following cases:

"1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer or hirer of any railroad, steamboat, stage-coach or other vehicle for the conveyance of goods or passengers, or by the unfitness, negligence or carelessness of their servants or agents.

"2. When the death of any person is caused by the wrongful act, negligence, unskilfulness or default of another."

"Art. 2903. The action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been so caused, and the amount recovered therein shall not be liable for the debts of the deceased.

"Art. 2904. The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all."

Louisiana (Voorhies's La. Civ. Code, 1875, 427; acts La. 1884, p. 94):

"Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the surviving minor children and widow of the deceased, or either of them, and in default of these, in favor of the surviving father and mother, or either of them, for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be.

The petition further stated that Cox left no child or chil-
dren, nor descendant of a child, nor father nor mother, him sur-
viving, but only the petitioner, his wife and widow. It was
also alleged that the deceased suffered severe mental and
physical pain from the time he was injured until he died.

The defendants demurred, assigning as grounds: That the
petition "does not show that this court has jurisdiction of the
cause as between the plaintiff and the defendants; it does not
show jurisdiction of the persons;" and that the petition "does
not set out a cause of action, because it shows that Chas. Cox,
the husband of the plaintiff, was killed in Louisiana and not
in the State of Texas;" and also answered, denying the alle-
gations of the petition and charging contributory negligence.
On the 16th of February, 1888, Mrs. Cox filed an amended
petition, reciting that she, "leave of the court being first had,
files this her amended petition and amending her original
petition." This pleading expanded the allegations in reference
to the appointment of the receivers by the United States Cir-
cuit Court for the Eastern District of Louisiana, and stated
the entry and confirmation of the order of appointment as
receivers, under ancillary proceedings, in the Circuit Court for
the Eastern District of Texas, and averred that the court had
jurisdiction of subject matter and receivers under the laws of
the United States. It was further averred that Cox, in coup-
ling the cars, as it was his duty to do, on account of the
draw-head and coupling-pin not being suitable for the purpose
for which they were to be used, he being ignorant thereof,
and of the defective condition of the tracks, was injured.
The defendant filed a general denial to the amended petition,
and pleaded the statute of limitations.

The demurrer to the petition and demurrer or plea to the
amended petition were overruled, and the case came on for

---

"ART. 2316. Every person is responsible for the damage he occasions
not merely by his act, but by his negligence, his imprudence or his want of
skill.

"ART. 2317. We are responsible, not only for the damage occasioned
by our own act, but for that which is caused by the act of persons for
whom we are answerable, or of the things which we have in our custody."

trial before a jury upon the issues joined. Evidence was adduced on both sides, and it was among other things admitted that the defendants were appointed receivers of the Texas and Pacific Railway Company by the Circuit Court for the Eastern District of Louisiana, and with the powers alleged by plaintiff; and that an ancillary bill was filed in the Circuit Court for the Eastern District of Texas, by direction, in the same case, and orders entered giving that court ancillary jurisdiction over the cause.

A verdict was returned for $15,000, and the defendants moved for a new trial, which, on plaintiff having remitted the sum of $5000 was overruled, and judgment entered for $10,000, a certified copy of which was directed to be forwarded to the clerk of the Circuit Court for the Eastern District of Louisiana, and called to the attention of that court. A motion in arrest was also made and denied.

Fifteen errors were assigned, which question the action of the court: (1) In maintaining jurisdiction. (2) In disallowing the plea of the statute of limitations. (3) In holding the cause of action enforceable in Texas. (4) In refusing to direct the jury to find for the defendants. (5) In refusing to give to the jury on defendants' behalf several specific instructions requested, not material to be here set forth.

*Mr. John F. Dillon* (with whom was *Mr. Winslow F. Pierce* on the brief) for plaintiff in error.

I. The court below was without jurisdiction.

Not only did the petition fail to show jurisdiction in the court below, but the want of jurisdiction appeared affirmatively upon the face of the petition, and the objection was specifically pointed out by defendants' demurrer. The petition shows that the plaintiff and one of the defendants, John C. Brown, were both residents of the State of Texas. The other defendant was a resident of Louisiana.

It therefore appears affirmatively upon the face of the petition that the court below was without jurisdiction, inasmuch

as the plaintiff and one of the defendants were citizens of the same State.

If it shall be considered that the allegation in the petition that the defendant Brown was a resident of the State of Texas is not equivalent to an allegation that he was a citizen of that State so as to affirmatively show want of jurisdiction in this court, then it is enough to say that the record fails to show affirmatively that there was jurisdiction in the court below. *Ex parte Smith*, 94 U. S. 455; *Bingham* v. *Cabot*, 3 Dall. 382; *Grace* v. *American Central Ins. Co.*, 109 U. S. 278; *Robertson* v. *Cease*, 97 U. S. 646.

With the record only as a guide we can do little more than speculate as to the theory or ground upon which the jurisdiction of the court below was claimed or maintained. It is possible that the assumption may have been indulged that the receivers should be regarded, in their official capacity, as citizens of Louisiana by reason of the fact that they were appointed by the Circuit Court of the United States, sitting in the Eastern District of that State. But it is settled that the personal citizenship of receivers, and other trustees, such as executors, determines the jurisdiction of the Federal courts under the acts of Congress. *Amory* v. *Amory*, 95 U. S. 186; *Davies* v. *Lathrop*, 12 Fed. Rep. 353.

It has been suggested that jurisdiction in the court below was claimed and maintained upon the sole ground that the court had been invested with ancillary jurisdiction of the equity cause in which Brown and Sheldon were appointed receivers, and that neither diversity of citizenship nor any other statutory ground of jurisdiction was asserted or relied upon by court or counsel.

It is hard to understand what bearing the pendency of proceedings upon the equity side of the court, which are ancillary to an equity cause pending in another district, can have upon the jurisdiction of the court in this action at law. The plaintiff did not intervene in the equity cause. She brought a plain and ordinary action at law. It was begun by independent service of personal process, not by intervention in proceedings in which jurisdiction of subject matter had already been

acquired. This action was tried by a jury in the usual way and, we may add, with the usual result. The case is not entitled in the equity cause. It is not a part of the record in that cause. See *Palmer* v. *Scriven*, 21 Fed. Rep. 354.

Plaintiff may rely upon § 3 of the Judiciary Act approved March 3, 1887, 25 Stat. 436.

In this connection we call attention to the fact that the repealing clause of said act contains this proviso:

"*Provided*, that this act shall not affect the jurisdiction over or disposition of any suit removed from the court of any State, or suit commenced in any court of the United States, before the passage hereof, except as otherwise expressly provided in this act."

The receivers were appointed in this case prior to March 3, 1887. If the plaintiff shall claim any advantage by reason of the said 3d section of the act of March 3, 1887, above quoted, our answer is that the receivership suit, being commenced and pending at the time of the passage of the said act, is expressly excepted from its provisions.

This point has been so expressly adjudged in the case of this very receivership by the learned Circuit Court of the Fifth Circuit. See *Missouri Pacific Railway* v. *Texas & Pacific Railway Co.*, 41 Fed. Rep. 311.

It seems to be so plain that pending suits are excepted from the provisions of the act that it would be an attempt to construe a provision too plain for construction to elaborate the point. The result is that the present case must be determined wholly irrespective of the third section of the act of March 3, 1887.

But supposing, for the argument, that we are mistaken on this point, and that the third section of the act of March 3, 1887, applies to the present suit, then we submit that it is clear that the permission which that act gives to sue a receiver without the previous leave of the court in which such receiver was appointed, cannot confer any right to sue such receiver in any court which has not by law jurisdiction over the suit thus to be brought. Note that while the act of March 3, 1887, provides that such suit may be brought without the previous leave of

the court, it does not prevent the claimant from asking for such leave. In the present case no such leave was applied for, nor was the present action brought with the sanction or under the direction of the court that appointed the receivers. The present suit is, therefore, in no sense a proceeding in the equity cause, or a dependency of or an adjunct to it.

II. The alleged cause of action, founded upon the statute of Louisiana, was not enforceable in the Federal court in Texas. The case should have been dismissed on this ground.

The action was founded upon a statute of Louisiana, recited in the petition, conferring a right of action upon the surviving relatives therein described, for damages for injuries resulting in death. The right to maintain such an action in the courts of a State other than that in which the wrongful act was committed and the statutory remedy conferred, has been a question upon which the decisions have been numerous and conflicting. The rule in the several States has never been uniform, but we think it may be safely said that the general tendency of decision in the state courts has been adverse to the doctrine that actions of the character referred to may be maintained in the courts of a State foreign to that where the wrong occurred and the statutory remedy existed.

The rule that the courts of Texas will not take jurisdiction of an action for damages of this character, where the cause arose in another State and under a foreign statute dissimilar in terms to the corresponding Texas statute, or where there is no corresponding Texas statute, has been repeatedly announced by the highest state court in Texas. *Willis* v. *Missouri Pacific Railway*, 61 Texas, 432; *Texas & Pacific Railway* v. *Richards*, 68 Texas, 375; *St. Louis, Iron Mountain &c. Railway* v. *McCormick*, 71 Texas, 661. See also *Turner* v. *Cross*, 18 S. W. Rep. 578; and *Texas & Pacific Railway Co.* v. *Collins*, Opinion of the Supreme Court of Texas, March 22, 1892.

III. Any cause of action which the plaintiff may have had was, in any aspect of the case, barred by the statute of limitation of both the States of Louisiana and Texas.

*Mr. W. Hallett Phillips* for defendant in error.

Mr. Chief Justice Fuller delivered the opinion of the court.

The Texas and Pacific Railway Company is a corporation deriving its corporate powers from acts of Congress, and was held in *Pacific Railroad Removal Cases,* 115 U. S. 1, to be entitled, under the act of March 3, 1875, to have suits brought against it in the state courts removed to the Circuit Courts of the United States on the ground that they were suits arising under the laws of the United States. The reasoning was that this must be so since the company derived its powers, functions and duties from those acts, and suits against it necessarily involved the exercise of those powers, functions and duties as an original ingredient.

These receivers were appointed by the Circuit Court, and derived their powers from and discharged their duties subject to its orders. Those orders were entered, and all action of the court in the premises taken, by virtue of judicial power possessed and exercised under the Constitution and laws of the United States.

In respect of liability, such as is set up here, the receiver stands in the place of the corporation. As observed by Mr. Justice Brown, delivering the opinion of the court in *McNulta* v. *Lochridge,* 141 U. S. 327, 332: "Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands."

Hence it has been often decided that the jurisdiction of the court appointing a receiver is necessarily exclusive, and that actions at law cannot be prosecuted against him except by leave of that court. *Barton* v. *Barbour,* 104 U. S. 126; *Davis* v. *Gray,* 16 Wall. 203; *Thompson* v. *Scott,* 4 Dillon, 508, 512.

This was the general rule in the absence of statute; but by the third section of the act of Congress of March 3, 1887, 24 Stat. 552, c. 373, as corrected by the act of August 13, 1888, 25 Stat. 433, 436, c. 866, it is provided:

" That every receiver or manager of any property appointed by any court of the United States may be sued in respect of . any act or transaction of his in carrying on the business con- nected with such property, without the previous leave of the court in which such receiver or manager was appointed ; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

And we are of opinion that although the injury was inflicted January 6, 1887, the suit, which was commenced on the 3d of September of that year, comes within the section.

*McNulta* v. *Lochridge, supra*, was an action brought in a state court July 13, 1887, against the receiver of a railway, to recover for the death of certain persons, alleged to have been caused by his negligence in the operation of the road, on Jan- uary 15, 1887. No leave to sue had been granted by the court of the appointment of the receiver, but we held that section 3 applied and there was no foundation for the position that the receiver was not liable to suit without such permission.

Section 6 of the act is as follows :

" That the last paragraph of section five of the act of Con- gress approved March third, eighteen hundred and seventy- five, entitled ' An act to determine the jurisdiction of Circuit Courts of the United States and to regulate the removal of causes from state courts, and for other purposes,' and section six hundred and forty of the Revised Statutes, and all laws and parts of laws in conflict with the provisions of this act, be, and the same are hereby repealed : *Provided,* That this act shall not affect the jurisdiction over or disposition of any suit removed from the court of any State, or suit commenced in any court of the United States, before the passage hereof except as otherwise expressly provided in this act."

It is argued that, under this proviso, the receivership suit having been commenced before and being pending at the time of the passage of the act, was excepted from its provisions, and that leave to sue was still required. We do not think so. The proviso was intended to prevent the loss of jurisdiction by reason of the repeal of prior acts and parts of acts, but

it does not limit the operation of the express provisions of section three.

As jurisdiction without leave is maintainable through the act of Congress, and as the receivers became such by reason of, and derived their authority from, and operated the road in obedience to, the orders of the Circuit Court in the exercise of its judicial powers, we hold that jurisdiction existed because the suit was one arising under the Constitution and laws of the United States; and this is in harmony with previous decisions. *Buck* v. *Colbath*, 3 Wall. 334; *Feibelman* v. *Packard*, 109 U. S. 421; *Bock* v. *Perkins*, 139 U. S. 628. The objections raised in respect of the matter of diverse citizenship cannot, therefore, be sustained.

It is said further that jurisdiction over the receivers, personally, was lacking, because defendant Brown resided in the Northern District of Texas and defendant Sheldon was an inhabitant of Louisiana; and that under the act of 1887 the action could not be instituted in a district whereof neither of the defendants was an inhabitant. If the suit be regarded as merely ancillary to the receivership the objection is without force, but irrespective of that, this immunity is a personal privilege which may be waived. The defendants not only demurred but answered, and the second ground of demurrer was that the petition did not set out a cause of action. Under such circumstances they could not thereafter challenge the jurisdiction of the court on the ground that the suit had been brought in the wrong district. *St. Louis &c. Railway Co.* v. *McBride*, 141 U. S. 127; *Fitzgerald Construction Co.* v. *Fitzgerald*, 137 U. S. 98; *First Nat. Bank* v. *Morgan*, 132 U. S. 141.

The statutory limitation in Louisiana and in Texas, upon the right of action asserted in this case, was one year, and that defence was interposed to the amended petition, which was not filed until that period had elapsed. It is put, in argument, upon two grounds: (1) that jurisdiction did not appear by the original petition; (2) that the amended petition set up a new cause of action. Assuming that the first ground is open to consideration, as brought to our attention, it is sufficient to say that, in the light of the observations already

made, the fact that jurisdiction existed was sufficiently apparent on the first pleading. As to the second ground, it is true that if the amended petition, which may, perhaps, be treated as equivalent to a second count in a declaration, had brought forward a new and independent cause of action, the bar might apply to it, *Sicard* v. *Davis*, 6 Pet. 124; yet, as the transaction set forth in both counts was the same, and the negligence charged in both related to defective conditions in respect of coupling cars in safety, we are not disposed by technical construction to hold that the second count alleged another and different negligence from the first.

Counsel further urge, with much earnestness, that the cause of action founded upon the statute of Louisiana conferring the right to recover damages for an injury resulting in death, was not enforceable in Texas.

The action, being in its nature transitory, might be maintained if the act complained of constituted a tort at common law, but as a statutory delict, it is contended that it must be justiciable not only where the act was done, but where redress is sought. If a tort at common law where suit was brought, it would be presumed that the common law prevailed where the occurrence complained of transpired; but if the cause of action was created by statute, then the law of the forum and of the wrong must substantially concur in order to render legal redress demandable.

In *The Antelope*, 10 Wheat. 66, 123, Mr. Chief Justice Marshall stated the international rule, with customary force, that : "The courts of no country execute the penal laws of another," but we have held that that rule cannot be invoked as applicable to a statute of this kind, which merely authorizes "a civil action to recover damages for a civil injury." *Dennick* v. *Railroad Company*, 103 U. S. 11. This was a case instituted in New York to recover damages for injuries received and resulting in death in New Jersey, and it was decided that a right arising under or a liability imposed by either the common law or the statute of a State may, where the action is transitory, be asserted and enforced in any court having jurisdiction of such matters and of the parties.

And notwithstanding some contrariety of decision upon the point, the rule thus stated is generally recognized and applied where the statute of the State in which the cause of action arose is not in substance inconsistent with the statutes or public policy of the State in which the right of action is sought to be enforced.

The statutes of these two States on this subject are not essentially dissimilar, and it cannot be successfully asserted that the maintenance of jurisdiction is opposed to a settled public policy of the State of Texas.

In *Willis* v. *Railroad Company*, 61 Texas, 432, it was held by the Supreme Court of Texas that suit could not be brought in that State for injuries resulting in death inflicted in the Indian Territory, where no law existed creating such a right of action. The opinion goes somewhat further than this in expression, but in that regard has not been subsequently adopted.

In *Texas & Pacific Railway* v. *Richards*, 68 Texas, 375, it was said that while there was some conflict of decision, it seemed to be generally held that a right given by the statutes of one State would be recognized and enforced in the courts of another State, whose laws gave a like right under the same facts. In *St. Louis, Iron Mountain &c. Railroad* v. *McCormick*, 71 Texas, 660, the Supreme Court declined to sustain a suit in Texas by a widow for damages for the negligent killing of her husband in Arkansas, for the reason that the statutes of Arkansas were so different from those of Texas in that regard that jurisdiction ought not to be taken, but the court indicated that it would be a duty to do so in transitory actions where the laws of both jurisdictions were similar. The question, however, is one of general law, and we regard it as settled in *Dennick* v. *Railroad Company, supra.*

But it is insisted that the general rule ought not to be followed in this case because the statute of Texas, giving a right of action for the infliction through negligence of injuries resulting in death, does not apply to persons engaged as receivers in the operation of railroads, and reference is made to *Turner* v. *Cross*, decided February 5, 1892, and reported in

advance of the official series in 18 S. W. Rep. 578, (followed by *Railway Company* v. *Collins*, decided March 22, 1892, and furnished to us in manuscript,) in which the Supreme Court of Texas so held upon the ground that a receiver is not a "proprietor, owner, charterer or hirer" of the railroad he has in charge, and so not within the terms of the Texas statute. Without questioning the correctness of this view, still it would be going much too far to attribute to these decisions the effect of a determination that an action could not be maintained against receivers in the enforcement of a cause of action arising in Louisiana, whose statute is not open to such a construction.

We are brought then to consider whether reversible error intervened in the conduct of the trial. The contention on this branch of the case is chiefly that the court should have directed a verdict for the defendants because there was no evidence of negligence on their part while there was evidence of contributory negligence on the part of Cox.

The case should not have been withdrawn from the jury unless the conclusion followed, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to establish. *Dunlap* v. *Northeastern Railroad*, 130 U. S. 649, 652; *Kane* v. *Northern Central Railway*, 128 U. S. 91; *Jones* v. *East Tennessee, Virginia & Georgia Railroad*, 128 U. S. 443.

We think the evidence given in the record tended to establish that the coupling apparatus and the track were in an unsafe and dangerous condition; that the injury happened in consequence; and that these defects were such as must have been known to the defendants under proper inspection, and unless they were negligently ignorant. No conflict appears as to the condition of the road-bed in the railroad yard, but there was testimony on defendants' behalf indicating that the coupling apparatus was not substantially defective.

The bill of exceptions does not purport to contain all the evidence, and it would be improper to hold that the court should have directed a verdict for defendants for want of that which may have existed.

No exception was taken to the admission or exclusion of evidence, and none to any part of the charge of the court which is given in full. Among other things, the court instructed the jury:

"If you shall find either that the road-bed was not unsafe or dangerous, although not of the best character, or that the coupling-pin used was not unsafe or dangerous, although not as well adapted for use as a round pin, then you will find for defendant.

"And, again, if you shall find from the evidence that both the road-bed and coupling-pin were unsafe and dangerous, yet if you shall find from the evidence that neither of these causes resulted in the death of Chas. Cox nor were the proximate causes producing the injuries whereof he died, then you will find for the defendant.

"It is incumbent on the plaintiff before she can recover not only to prove that the defects complained of existed, but also that they or one of them were the cause of death.

"If the death was the result of accident, misadventure, or the want of care or prudence on the part of deceased or other cause not complained of, plaintiff cannot recover.

"You must ascertain the true nature of the case and the actual cause of death from the evidence as adduced before you and render your verdict in accordance therewith."

Twelve specific instructions were asked on behalf of defendants and refused and exceptions taken, but, except as stated, they are not insisted upon in argument, and we think they were substantially covered by the charge as given.

Some emphasis is put upon the fact that the car which inflicted the injury was from another road, but that circumstance does not call for special mention in the view we take of the case, and does not seem to have been relied on in the court below. The Circuit Court correctly applied well settled principles in the disposition of the questions of law arising upon the trial, and it would subserve no useful purpose to retraverse, in exposition of those principles, ground so often covered. *Washington & Georgetown Railroad* v. *McDade*, 135 U. S. 554; *Northern Pacific Railroad* v. *Herbert*, 116 U. S. 642;

*Inland &c. Coasting Co.* v. *Tolson*, 139 U. S. 551; *Kane* v. *Northern Central Railway*, 128 U. S. 91; *Hough* v. *Railway Co.*, 100 U. S. 213; *Indianapolis &c. Railroad* v. *Horst*, 93 U. S. 291.                                   *Judgment affirmed.*