## ANGLIN v. TEXAS & PAC. RY. CO.

### (Circuit Court of Appeals, Fifth Circuit. January 23, 1894.)

### No. 200.

MASTER AND SERVANT—RISKS OF EMPLOYMENT—TRIAL—DIRECTING VERDICT.
Plaintiff, who was an old, experienced railroad man, in defendant's service, was directed to assist in moving a "dead" engine in the company's yard, and while so doing was injured, by being caught between that engine and another one that was standing on an adjoining track. The work was done in open day. Plaintiff could see both engines, and judge of the distance between them, and he was not directed to take any particular position in working. *Held,* that the evidence justified a peremptory verdict for the defendant, since the danger was one incident to the service.

In error to the Circuit Court of the United States for the Northern District of Texas.

Action by John G. Anglin against the Texas & Pacific Railway Company. The court directed the jury to find for the defendant, and judgment was rendered accordingly. Plaintiff brings error.

E. W. Tempel, for plaintiff in error.

T. J. Freeman, for defendant in error.

Before McCORMICK, Circuit Judge, and LOCKE and TOULMIN, District Judges.

TOULMIN, District Judge. On the assignment of errors in this case, the only question to be considered is whether it was proper for the trial court to instruct the jury to find for the defendant, or whether the case should have been left to the jury. It is well settled by the decisions of the United States supreme court that "a case should not be withdrawn from the jury unless the conclusion follows, as a matter of law, that no recovery can be had, upon any view which can be properly taken of the facts the evidence tends to establish." Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Gardner v. Railroad Co., 14 Sup. Ct. 140. And it is equally well settled that, where the undisputed facts of a case are such that all reasonable men must draw the same conclusion from them, the trial court is justified in withdrawing the case from the jury. Are the undisputed facts in this case such that the court below was justified in withdrawing the case from the jury? Are they such that all reasonable men must draw the conclusion that the plaintiff assumed and exposed himself to obvious risks and dangers in the work in which he was engaged at the time he was injured? The general rule is that one who engages in an employment of a hazardous nature assumes the risks and dangers incident thereto; but increased risks and dangers, caused by negligence on the part of the employer, are not deemed to be incident to the business, within the meaning of the rule. A duty rests upon the employer which requires him to exercise due care on his part that no risks and hazards to those in his employ shall be unnecessarily increased. When he performs this duty, in view of the particular employment, then the risks and dangers pertaining thereto are assumed by the employe. Gardner v. Railroad Co., supra.

The facts of this case are, in substance: That the plaintiff was in the employ of the defendant as day watchman at defendant's roundhouse. His principal duty was to watch the premises, but was to obey all orders given him by the foreman, whatever they might be, in regard to any work about the premises. That it was customary, and the duty of all employes, when ordered to do so, to assist in moving "dead" engines into the roundhouse for repairs, and that plaintiff was called out by the foreman to assist in such work on the occasion of his unfortunate injury. A dead engine is described as one without steam, or power to move itself. Plaintiff was injured while assisting in moving a dead engine onto a turntable for the purpose of placing it in the roundhouse for repairs. Certain tracks of defendant's railway converged to the turntable, or diverged therefrom. Over one of these convergent tracks, plaintiff was ordered to assist in pushing said dead engine onto the turntable. A short while before this, another engine of the defendant had been removed from the turntable onto one of the divergent tracks, to allow room for the dead engine to get onto the turntable, and was left standing a few feet therefrom. While engaged in pushing the dead engine, the plaintiff was caught between it and

the stationary engine referred to, and was severely injured. Plaintiff was an old, experienced railroad man, and was perfectly familiar with the movements of engines, and had frequently assisted in moving engines in the same manner as this one was being moved. The work in which he was assisting was done in broad, open daylight. The position of each engine was seen by him before he commenced, and he had equal opportunities of knowing, with the others, whatever danger there might be incident to the work. In his testimony he says: "A. I went down in front of the two engines, or at least in front, and between the two engines. I could see both engines as I approached them, and their location." He was not directed or commanded to work at any particular place at the engine, and the position taken by him was of his own choice, and with the full knowledge of the fact that said engine, as it would be moved forward, would come closer to the one standing on the other track. There were some 30 or 40 men engaged in the work. The general foreman and the roundhouse foreman were both present when the first engine was removed from the turntable to make room for the dead engine, and the proof shows that they and others who assisted in its removal believed there was sufficient space for the dead engine to pass without any difficulty. The plaintiff himself said he thought there was plenty of room to get between the two bumper beams of the two engines, but that, in the hurry and excitement of the occasion, he was "considerably confused," and that before he knew it he was made fast, and could not extricate himself. Indeed, the evidence tended to show that by the use of due care the plaintiff could have escaped all danger. We think it is clearly to be deduced from the evidence that, whatever may have been the risks incident to the work, they were patent and obvious and were assumed by the plaintiff. Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298, and authorities therein cited; Railway Co. v. Minnick (decided by this court at last term) 57 Fed. 362.[1] On the facts of the case, the injury to the plaintiff was not caused by any negligence of the general foreman, or of the foreman of the roundhouse. We are therefore of opinion that it was proper to direct a verdict for the defendant. The judgment is affirmed.