FRANK v. LEOPOLD & FERON CO. et al.

(Circuit Court, N. D. California. March 29, 1909.)

No. 14,850.

1. REMOVAL OF CAUSES (§ 19*)—INJUNCTION AGAINST UNITED STATES MAR-
   SHAL—GROUNDS—"CASE ARISING UNDER LAWS OF UNITED STATES."

   Where the United States marshal in his official capacity levied on real estate under an execution issued out of the federal court, an injunction issued by a state court restraining the marshal from proceeding further under the writ was removable to the United States Circuit Court as a "case arising under the laws of the United States," though the marshal was joined as a defendant with one over whom jurisdiction was dependent on other considerations, it being immaterial that there was no diversity of citizenship.

   [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 19.*]

2. COURTS (§ 497*)—FEDERAL COURTS—JURISDICTION—SEIZURE OF PROPERTY—
   INTERFERENCE BY STATE COURT.

   Property seized by a United States marshal in satisfaction of a writ issued by the federal court was in custodia legis and within the exclusive jurisdiction of such court, without reference to the rights of the contending parties to the property seized, and hence a state court had no jurisdiction thereafter to restrain the marshal from proceeding further under the writ.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1396–1398; Dec. Dig. § 497.*

   Jurisdiction as affected by possession of the subject-matter, see note to Adams v. Mercantile Trust Co., 15 C. C. A. 6.]

3. INJUNCTION (§ 169*)—MOTION TO DISSOLVE—TIME—OBJECTION.

   An objection that a motion to dissolve an injunction was prematurely made because presented before the first day of the next ensuing term after filing the record in the federal Circuit Court on removal from the state court became unsustainable after the first day of the term had passed, as the motion could be then treated as having been made at the current term.

   [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 169.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity.

The defendant Leopold & Feron Company obtained a judgment in this court against George Frank, the husband of this plaintiff, and thereafter the defendant Elliott, acting in his official capacity as United States marshal for this district, under and by virtue of a writ of execution duly issued out of this court, levied upon certain real estate situate in the county of Santa Clara as the property of said George Frank, and advertised the same for sale in satisfaction of such judgment. Thereupon the plaintiff herein, Margaret Frank, commenced this action in the superior court of Santa Clara county, alleging the real estate in question to be her separate property and that a sale thereof under the execution would cast a cloud upon her title, and procured an injunction to be therein issued by the state court restraining the marshal from proceeding further under the writ. In due time after the service of the injunction upon him the defendant Elliott procured the cause to be removed to this court, and upon the filing of the record here moved for an order dissolving the injunction as one not competently within the power of the state court to grant. This motion was antagonized by a counter motion on behalf of the plaintiff to remand the cause to the state court on the ground that this court has no jurisdiction for lack of diversity of citizenship of the parties or the existence of any federal question. These motions have been argued and submitted together, and may be so considered.

Mastick & Partridge, for plaintiff.

Robert T. Devlin, U. S. Atty., and Campbell, Metson, Drew, Oatman & McKenzie, for defendants.

VAN FLEET, District Judge (after stating the facts as above). 1. The motion to remand must be denied. The jurisdiction of this court under the facts disclosed by the record does not depend upon diversity of citizenship. It appears affirmatively both from the complaint and the petition for removal that the action of the defendant Elliott sought to be enjoined was taken by him in his official capacity as the marshal of this district and in obedience to the mandate of a writ regularly issued out of this court commanding him to proceed and satisfy its judgment. The marshal was therefore proceeding in the discharge of a duty imposed upon him by the laws of the United States, and the case made is one arising under the laws of the United States and as such removable from the state court. Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677, 35 L. Ed. 314.

In that case it is said that a case "depending upon the inquiry whether a marshal or his deputy has rightfully executed a lawful precept directed to the former from a court of the United States is one arising under the laws of the United States; for, as this court has said, 'Cases arising under the laws of the United States are such as grow out of the legislation of Congress, whether they constitute the right or privilege, or claim or protection, or defense of the party, in whole or in part, by whom they are asserted.' Tennessee v. Davis, 100 U. S. 257, 264, 25 L. Ed. 648; Railroad Co. v. Mississippi, 102 U. S. 135, 141, 26 L. Ed. 96."

Nor does it affect the right of removal in such a case that the marshal is joined as defendant with one over whom jurisdiction is dependent upon other considerations. "Had the action been brought against the marshal alone, there can be no doubt that the Circuit Court would have had jurisdiction of the case as one arising under the Constitution and laws of the United States. Feibelmann v. Packard, 109 U.

S. 241, 3 Sup. Ct. 289, 27 L. Ed. 984; Bachrack v. Norton, 132 U. S. 337, 10 Sup. Ct. 106, 33 L. Ed. 377. It is true that in these cases the action was against the marshal and the sureties upon his bond; but there is no difference in principle. The right of action in both cases is given by the laws of the United States, which make the marshal responsible for trespasses committed by him in his official character. Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677, 35 L. Ed. 314; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Texas & Pacific Railway v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. If suits against a bank or railways chartered by Congress are suits arising under the laws of the United States, as we held in Osborn v. U. S. Bank, 9 Wheat. 738, 6 L. Ed. 204, and in Pacific Railway Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 27 L. Ed. 319, with even greater reason must it be considered that a suit against a marshal of the United States for acts done in his official capacity falls within the same category." Sonnentheil v. Moerlein Brewing Co., 172 U. S. 401, 19 Sup. Ct. 233, 43 L. Ed. 492.

2. As to the motion to dissolve the injunction, it is, I think, disposed of by the principles announced by the Supreme Court in Freeman v. Howe, 24 How. 451, 16 L. Ed. 749; and that, applying those principles to the facts of this case, it must be held that the state court was without competent authority to interfere by its injunction with the execution of the process of this court. The doctrine of that case is that where property is first seized into the control of a federal court through its proper officers in obedience to the requirements of its process, mesne, or final, that court is clothed with full, plenary, and exclusive jurisdiction to determine every question arising out of the circumstances as to the propriety of such seizure, and the liability of the property to the claim made against it; that the property is in custodia legis, and that any attempt by a state court to interfere with such property while it so remains in the custody and control of the federal tribunal is an unauthorized interference with the jurisdiction of the latter and without right; that this exclusive jurisdiction in the federal court does not depend at all upon the rights of the contending parties to the property seized, but solely upon the question which jurisdiction has first attached by a seizure and custody of the property under its process; and that any controversy over the ownership of the property growing out of a claim, as here, that it does not belong to the party for whose obligation it is sought to be taken, is a question for the court which has first taken it into its control; and the method for presenting that question to the court for determination is clearly pointed out. In an exhaustive discussion of this question of conflicting jurisdiction between federal and state courts arising out of circumstances which make a case not distinguishable in principle from that presented here, Mr. Justice Nelson, speaking for the court, says:

"Another and main ground relied on by the defendants in error is that the process in the present instance was directed against the property of the railroad company, and conferred no authority upon the marshal to take the property of the plaintiffs in the replevin suit. But this involves a question of right and title to the property under the federal process, and which it belongs to the federal, not the state, courts to determine. This is now admitted; for, though a point is made in the brief by the counsel for the defendant in error

that this court had no jurisdiction of the case, it was given up on the argument. And in the condition of the present case more than this is involved; for the property having been seized under the process of attachment, and in the custody of the marshal, and the right to hold it being a question belonging to the federal court, under whose process it was seized,. to determine, there was no authority, as we have seen, under the process of the state court, to interfere with it. . We agree with Mr. Justice Grier, in Peck et al. v. Jenness et al., 7 How. 624, 625, 12 L. Ed. 841: 'It is a doctrine of law too long established to require citations of authorities, that where a court has jurisdiction it has a right to decide every question which occurs in the cause; and, whether its decision be correct or otherwise, its judgment till reversed is regarded as binding in every court; and that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court.' 'Neither can one take the property from the custody of the other by replevin, or any other process; for this would produce a conflict extremely embarrassing to the administration of justice.' "

These principles have been repeatedly reaffirmed, and in no respect modified. In Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390, Freeman v. Howe is extensively reviewed, and the effect of that case thus stated:

"The point of the decision in Freeman v. Howe, supra, is that when property is taken and held under process, mesne or final, of a court of the United States, it is in the custody of the law, and within the exclusive jurisdiction of the court from which the process has issued, for the purposes of the writ; that the possession of the officer cannot be disturbed by process from any state court, because to disturb that possession would be to invade the jurisdiction of the court by whose command it is held, and to violate the law which that jurisdiction is appointed to administer; that any person, not a party to the suit or judgment, whose property has been wrongfully, but under color of process, taken and withheld, may prosecute, by ancillary proceedings, in the court whence the process issued, his remedy for restitution of the property or its proceeds, while remaining in the control of that court; but that all other remedies to which he may be entitled, against officers or parties, not involving the withdrawal of the property or its proceeds, from the custody of the officer and the jurisdiction of the court, he may pursue in any tribunal, state or federal, having jurisdiction over the parties and the subject-matter. And, vice versa, the same principle protects the possession of property while thus held, by process issuing from state courts, against any disturbance under process of the courts of the United States; excepting, of course, those cases wherein the latter exercise jurisdiction for the purpose of enforcing the supremacy of the Constitution and laws of the United States."

See, also, Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145.

The case of Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257, does not modify the rule of Freeman v. Howe, but further defines and distinguishes it, and, as stated in Covell v. Heyman, "checked and corrected an attempted misapplication of its principle, which, if permitted, would cover actions against the officer for trespasses, not involving any interference with the property itself while in his possession." In Buck v. Colbath the marshal had taken goods under an attachment which were not the property of the defendants in the attachment, and the rightful owner, ignoring his right to a return of the goods, sued the marshal in trespass for damages. The marshal merely pleaded in defense the taking of the property in his official capacity, but did not aver that they were the goods of the defendants. It was held that the case did not fall within the doctrine of Freeman v. Howe,

since it did not seek to disturb the possession or control of the property in the hands of the federal court; and that, as the goods were seized under a writ which did not require the marshal to take that specific property, he took them at his peril, and was liable for his trespass in any court of competent jurisdiction.

The objection that the motion to dissolve the injunction was prematurely made as having been presented before the first day of the next ensuing term after the filing of the record here cannot be sustained. If the objection ever possessed any merit, it has faded out since the first day of the term has passed, and the motion may be treated as having been made at the present term.

It follows from these considerations that the motion to remand the cause must, as above indicated, be denied and that the motion to dissolve the injunction must be granted. It is so ordered.