# CASES

## ARGUED AND DETERMINED

IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### NICHOLS v. ATCHISON, T. & S. F. RY. CO.*

(Circuit Court of Appeals, Ninth Circuit. January 22, 1923. Rehearing Denied February 26, 1923.)

#### No. 3908.

1. **Courts ⚖≥359—Case governed in federal court by rule which would have controlled it in state court.**

   A cause removed on the sole ground of diversity of citizenship is governed in the federal court by the same rule that would have controlled it in the state court.

2. **Death ⚖≥96—Statutory limitation of amount of damages inheres in remedy.**

   Where a state statute giving a right of action for wrongful death fixes the amount recoverable, such limitation inheres in the remedy.

3. **Death ⚖≥35—New Mexico statute enforceable in courts of another state.**

   Comp. Laws N. M. 1884, § 2308, providing that any railroad company through the negligence or wrongful act of whose agents or servants a passenger is injured, resulting in death, shall pay the sum of $5,000, to be recovered by action by the husband or wife, etc., is not a penal statute in the sense that it will not be enforced by the courts of another state or jurisdiction, and an action may be maintained thereunder in a federal court in a district of California.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action at law by O. J. Nichols against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

Milton K. Young, Lyndol L. Young, and William K. Young, all of Los Angeles, Cal., for plaintiff in error.

E. W. Camp, Robt. Brennan, and Paul Burks, all of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

---

⚖≥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

286 F.—1     *Certiorari granted 43 Sup. Ct. 522, 67 L. Ed. —.

ROSS, Circuit Judge. June 20, 1920, the plaintiff in error and his wife, Mary J. Nichols, took passage on one of the vestibuled trains of the defendant in error at Fall Brook, San Diego county, Cal., for the city of Chicago, paying the railway company its established fare for such transportation. Near the city of Las Vegas, in the state of New Mexico, Mrs. Nichols was thrown, by a sudden jerk or jar of the car in which she was, through a door, which had been negligently left open, with such force as to cause her injuries, which resulted in her death in Las Vegas July 1st. The plaintiff in error thereupon brought this action in one of the superior courts of the state of California for the death of his wife, alleging that he had been thereby damaged in the loss of her services and advice in the sum of $15,000, in the loss of her society, love, and affection in the sum of $20,000, and further damaged in the sum of $586.42 for various specified expenses.

The defendant to the action (which is a Kansas corporation) asked for its removal to the court below on the sole ground of diverse citizenship, which petition was granted, and the case there came on for trial before the court; a jury having been waived by stipulation of the respective parties. The trial resulted in these findings of fact:

"First. That all the allegations in the complaint and the amendment thereto are true, except as to the amount of damages sustained by the plaintiff.

"Second. That the amount of damages sustained by the plaintiff is the sum of $5,000.

"Third. That the allegations of the answer of the defendant are not true."

And as a conclusion of law the court found the defendant entitled to judgment that the plaintiff take nothing by the action and for costs. A judgment to that effect was entered.

[1] The law of the case, as we understand it, is this: The defendant in error having removed the action from the court of the state in which it was brought on the sole ground of diversity of citizenship, this court must hold the case governed by the rule that would have controlled it had it not been so removed. It was so held in effect by this court in the case of Northern Pacific Railway Co. v. Kempton, 138 Fed. 992, 998, 999, 71 C. C. A. 246. See, also, Spokane & I. E. R. R. v. Whitley, 237 U. S. 487, 35 Sup. Ct. 655, 59 L. Ed. 1060, L. R. A. 1915F, 736, and cases there cited.

[2] It is not contended that the cause of action of the plaintiff in error was given by the common law, but by a statute of the state where the accident to and the death of his wife occurred, which statute reads as follows:

"Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver of any stagecoach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from any injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stagecoach, or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employé, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stagecoach, or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect

or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars, which may be sued for and recovered: First, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant for his defense to show that the defect or insufficiency named in this section, was not of a negligent defect or insufficiency." Section 1820, Annotated Statutes 1915; section 2308, Compiled Laws of 1884 of New Mexico.

No court would, we think, be justified in holding that that statute would have been enacted by the Legislature of the state of New Mexico without the limitation of the amount of damages thereby fixed, which limitation is, therefore, as much a part of the law creating the liability as any other part of it.

[3] The defendant in error contends—and such was evidently the theory upon which the judgment of the court below was rested—that the policy of the above statute is so opposed to the policy of the state of California that no court of that state would enforce it. If the statute can be properly held to be a penal one, that is undoubtedly true. It was said by the Supreme Court, speaking through Chief Justice Marshall in The Antelope, 10 Wheat. 66, 123, 6 L. Ed. 268:

"The courts of no country execute the penal laws of another."

No more do the courts of any state of the United States execute the penal laws of another state. Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123. But a penal law is one thing, and a statute intended to protect life and to impose a new and extraordinary civil liability upon those causing death, by subjecting them to a private action for the pecuniary damages thereby resulting to the family of the deceased, is quite another. The latter is a question of general law. Huntington v. Attrill, supra.; Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Texas & Pacific Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. In Huntington v. Attrill the Supreme Court said (146 U. S. at pages 673 et seq., 13 Sup. Ct. at page 230 [36 L. Ed. 1123]):

"The question whether a statute of one state, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act. There could be no better illustration of this than the decision of this court in Dennick v. Railroad Co., 103 U. S. 11. In that case it was held that, by virtue of a statute of New Jersey making a person or corporation, whose wrongful act, neglect, or default should cause the death of any person, liable to an action by his administrator, for the benefit of his widow and next of kin; to recover damages for the pecuniary injury resulting to them from his death, such an action, where the neglect and the death took place in New Jersey, might. upon general principles of law, be maintained in a Circuit Court of the United States held in the state of New York by an administrator of the deceased, appointed in that state. Mr. Justice Miller, in delivering judgment, said: 'It can scarcely be contended that the act belongs to the class of criminal laws which can only be enforced by the courts of the state where the of-

fense was committed, for it is, though a statutory remedy, a civil action to recover damages for a civil injury. It is, indeed, a right dependent solely on the statute of the state; but when the act is done for which the law says the person shall be liable, and the action by which the remedy is to be enforced is a personal and not a real action, and is of that character which the law recognizes as transitory and not local, we cannot see why the defendant may not be held liable in any court to whose jurisdiction he can be subjected by personal process or by voluntary appearance, as was the case here. It is difficult to understand how the nature of the remedy, or the jurisdiction of the courts to enforce it, is in any manner dependent on the question whether it is a statutory right or a common-law right. Wherever, by either the common law or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties.' 103 U. S. 17, 18.

"That decision is important as establishing two points: (1) The court considered 'criminal laws,' that is to say, laws punishing crimes, as constituting the whole class of penal laws which cannot be enforced extraterritorially. (2) A statute of a state, manifestly intended to protect life, and to impose a new and extraordinary civil liability upon those causing death, by subjecting them to a private action for the pecuniary damages thereby resulting to the family of the deceased, might be enforced in a Circuit Court of the United States held in another state, without regard to the question whether a similar liability would have attached for a similar cause in that state. The decision was approved and followed at the last term in Texas & Pacific Railway v. Cox, 145 U. S. 593, 605, where the Chief Justice, speaking for the whole court, after alluding to cases recognizing the rule where the laws of both jurisdictions are similar, said: 'The question, however, is one of general law, and we regard it as settled in Dennick v. Railroad Co.' That decision has been also followed in the courts of several states. Herrick v. Minneapolis & St. Louis Railway, 31 Minnesota, 11; Chicago, etc., Railroad v. Doyle, 60 Mississippi, 977; Knight v. West Jersey Railroad, 108 Penn. St. 250; Morris v. Chicago, etc., Railway, 65 Iowa, 727; Missouri Pacific Railway v. Lewis, 24 Nebraska, 848; Higgins v. Central New England Railroad, 155 Mass. 176.

"In the case last cited a statute of Connecticut having provided that all actions for injuries to the person, including those resulting instantaneously or otherwise in death, should survive, and that for an injury resulting in death from negligence the executor or administrator of the deceased might maintain an action to recover damages not exceeding $5,000, to be distributed among his widow and heirs in certain proportions, it was held that such an action was not a penal action, and might be maintained under that statute in Massachusetts by an administrator, appointed there, of a citizen thereof, who had been instantly killed in Connecticut by the negligence of a railroad corporation; and the general principles applicable to the case were carefully stated as follows: 'These principles require that, in cases of other than penal actions, the foreign law, if not contrary to our public policy, or to abstract justice or pure morals, or calculated to injure the state or its citizens, shall be recognized and enforced here, if we have jurisdiction of all necessary parties, and if we can see that, consistently with our own forms of procedure and law of trials, we can do substantial justice between the parties. If the foreign law is a penal statute, or if it offends our own policy, or is repugnant to justice or to good morals, or is calculated to injure this state or its citizens, or if we have not jurisdiction of parties who must be brought in to enable us to give a satisfactory remedy, or if under our forms of procedure an action here cannot give a substantial remedy, we are at liberty to decline jurisdiction.' 155 Mass. 180."

Nothing further, we think, need be said to show that the judgment of the court below in the present case must be reversed, with directions to it to enter judgment in favor of the plaintiff for $5,000, with costs in both courts. It is so ordered.