## SWETT v. GIVNER.

### No. 41348.

District Court, N. D. Illinois, E. D.

Jan. 27, 1934.

Charles A. Schreiber, of Chicago, Ill., for plaintiff.

Sonneschien, Berkson, Lautmann, Levinson & Morse, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Defendant has demurred to plaintiff's declaration. Plaintiff, administrator of the estate of William A. Swett, charges that decedent met his death in an automobile collision in the province of Ontario, Canada, and sets out the statute of such province, which provides that, where the death of a person has been caused by such wrongful act, neglect, or default, as, if death had not ensued, would have entitled the person injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, etc.

This is substantially the same as Lord Campbell's Act and the statute of Illinois (Smith-Hurd Rev. St. 1933, c. 70, § 1) on the same subject.

Defendant raises several objections to plaintiff's declaration, among which are the following:

(1) That the declaration does not show a cause of action in that, while the action is apparently predicated upon diversity of citizenship, the declaration fails to show the state of which the plaintiff or defendant is a citizen.

(2) There is no allegation sustaining the right of the plaintiff to maintain this action in his name for the benefit of the beneficiaries named in the declaration.

(3) The declaration does not show that the Ontario statute relied upon was in force at the time of the injury.

(4) The declaration does not allege that the beneficiaries were free from contributory negligence.

(5) The action is barred by the Illinois statute prohibiting actions for death occurring outside the state. Smith-Hurd Rev. St. 1933, c. 70, § 2.

The first three objections are well taken. The declaration does not show the residence of either the plaintiff or defendant. There is no allegation indicating who, under the Ontario act, is entitled to recover for the death of the person injured, whether the next of kin or the administrator. Further, the declaration states only that there is now a statute in force in the province of Ontario, but there is no allegation that it was in force at the time of the injury.

740

As to the point that the declaration does not negative contributory negligence on the part of the beneficiaries, that it is unnecessary. In the federal courts the rule is that freedom from contributory negligence on the part of the plaintiff in a personal injury case need not be negatived or disproved by him. The burden of proving it is on the defendant. Texas & P. R. Co. v. Volk, 151 U. S. 73, 14 S. Ct. 239, 38 L. Ed. 78.

The same rule would, of course, apply as to the beneficiaries in an action to recover for death by wrongful act.

The most serious question in the case is that raised by the fifth objection. The Illinois statute giving a right of action for death by wrongful act contains a provision that "no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of this state." Smith-Hurd Rev. St. 1933, c. 70, § 2. The effect of this statute, if literally construed, and interpreted in the manner contended for by the defendant, is to exempt from civil liability a resident of Illinois who so injures another person that he dies, if death occurs in another state, provided that the one causing the injury evades service in the state in which the death occurred. He has only to remain in Illinois to go scot-free so far as an action for damages is concerned.

It is the general rule that a right of action arising under or a liability imposed by either the common law or the statute of a state may, where the action is transitory, be asserted and enforced in any court having jurisdiction of such matters and the parties, if not in substance inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced. Texas & Pac. R. Co. v. Cox, 145 U. S. 593, 604, 12 S. Ct. 905, 36 L. Ed. 829.

It is contended, however, that it is against the public policy of Illinois, as expressed in the statute, to permit an action to be brought in this state to recover for a death outside the state, and, therefore, such an action may not be maintained in the federal courts located in Illinois.

It is true that generally a federal court will follow the public policy of the state in which it is sitting. But it is not bound to do so.

In Boyce v. Tabb, 18 Wall. 546, 548, 21 L. Ed. 757, an action was commenced in the United States Circuit Court in Louisiana on a note given as consideration for the sale of slaves. The note was given in 1861 and was then a valid obligation. After the war and before commencement of the suit, the Supreme Court of Louisiana had held contracts for the sale of persons were void and should not be enforced in their courts. Defendant pleaded that the consideration of the note was the sale of slaves, and that the Supreme Court of Louisiana had established that the obligation was void. As to this defense the Supreme Court of the United States said: "It is urged on the part of the plaintiff in error, as the highest court in Louisiana has, on grounds of public policy, refused to enforce contracts like this since the abolition of slavery, that the thirty-fourth section of the Judiciary Act of 1789 [28 USCA § 725] obliges this court to follow that rule of decision. This is an erroneous view of the obligation imposed by that section on this court, as our decisions abundantly show. The provisions of that section do not apply, nor was it intended they should apply, to questions of a general nature not based on a local statute or usage, nor on any rule of law affecting titles to land, nor on any principle which had become a settled rule of property. The decisions of the State courts, on all questions not thus affected, are not conclusive authority, although they are entitled to, and will receive from us, attention and respect."

Another case bearing on this question is Dexter v. Edmands (C. C.) 89 F. 467. By the laws of Kansas, a creditor of a corporation who had recovered a judgment against a corporation and had execution returned nulla bona might maintain an action against a stockholder of the corporation. An action was commenced in the United States Circuit Court for the district of Massachusetts to enforce such liability against a stockholder of the Western Farm Mortgage Trust Company. The state courts of Massachusetts had refused to enforce the laws of Kansas imposing this liability on the stockholder. In this case the defendant demurred to the declaration, one of the grounds being that, the state courts of Massachusetts having refused to enforce these laws on the ground that they were contrary to public policy, suit could not be maintained upon them in the federal courts sitting in Massachusetts. But Judge Lowell held to the contrary and overruled the demurrer.

The statutes of Illinois and the province of Ontario are alike in permitting a recovery for death by wrongful act. The statutes of Illinois differ only in prohibiting the bringing of an action in Illinois for death outside the state, the effect of which is to exempt a citizen of Illinois from civil liability for his wrongdoing outside of the state. This court

is of the opinion that the jurisdiction of the federal courts cannot be limited by such an expression of policy. St. Bernard v. Shane (C. C. A.) 220 F. 852.

The Circuit Court of Appeals of this circuit has had occasion to consider the very question presented here. In Missouri Pac. R. Co. v. Larussi, 161 F. 66, 68, the action was brought to recover for a death occurring in Kansas. At the time of the death, the statutes of Illinois provided for recovery for death by wrongful act, but contained no limitation as to actions for death occurring outside the state. That provision was incorporated by amendment later, but before the action was brought. On issue raised by defendant that the death having occurred in Kansas there could be no recovery, the District Court directed the jury to find against such plea. The Circuit Court of Appeals affirmed the judgment of the District Court, holding first that the right to bring action was fixed when the death occurred, and the state could not prevent the enforcement of the right by later legislation, and then said: "Whether such enforcement may be subjected to the further test mentioned in Texas & Pacific Railway Co. v. Cox, 145 U. S. 593, 605, 12 S. Ct. 905, 908, 36 L. Ed. 829—namely, that 'the statute of the state in which the cause of action arose is not in substance inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced'—is a question not involved here for solution, as the terms of the statute in Illinois creating the cause of action are substantially identical with those of the Kansas statute. Both provide alike to remove the common-law bar and establish a cause of action for a tort (committed in the state) which causes death. The right of recovery in the case at bar rests alone on the statute of Kansas—is 'governed by the lex loci, and not by the lex fori.' Northern Pacific Railroad v. Babcock, 154 U. S. 190, 199, 14 S. Ct. 978, 981, 38 L. Ed. 958. As the law of Illinois concurs in this policy in creating the cause of action, the test referred to is met, if applicable; and whether the remedial provisions in Kansas and Illinois are alike or unlike is immaterial under either view. Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 448, 18 S. Ct. 105, 42 L. Ed. 537. Assuming, therefore, that jurisdiction of the parties was acquired, cognizance in the trial court of the subject-matter was governed by the federal law, with rights to be administered in conformity with the rule of general jurisprudence as above stated, unaffected by any special rule or statute of Illinois, either author-

izing or inhibiting suit in the local courts upon such causes of action arising outside the state, except such statute of limitation as may be applicable thereto. So the proviso incorporated in section 2 of the Illinois statute, in reference to a foreign cause of action, which leaves unmodified the rule and policy of the Lord Campbell act adopted in section 1, is inapplicable to the case at bar. * * *"

We are of the opinion that plaintiff may maintain an action for the death of his intestate in Illinois, assuming that the Ontario statute vests the right of action in the administrator, but the demurrer must be sustained on the other grounds above noted.

An order to that effect will be entered on Saturday morning, January 27, 1934, without further notice than this. Counsel may attend at that time if they desire.