## BRADLEY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 18, 1920.)

No. 3393.

1. **Druggists ⊙ 11—Construction of label a question for the court, but falsity and intent for the jury.**

   In a suit to condemn mineral water shipped in interstate commerce under a label stating that it was recommended in the treatment of certain diseases, whether this was a representation that the water had a curative or therapeutic quality was a question for the court, but the falsity of such representation and the intent of the claimant were questions for the jury.

2. **Druggists ⊙ 11—Label of mineral water open to construction as claiming curative or therapeutic quality.**

   A label on mineral water shipped in interstate commerce, stating that it was recommended in the treatment of certain diseases, and containing directions for its use, was susceptible of the construction that it meant that the use of the water in the treatment of such diseases would effect a cure or alleviation.

3. **Druggists ⊙ 11—Claimant not entitled to deny that misbranded mineral water is a drug.**

   Where claimant shipped mineral water in interstate commerce under a label representing that it possessed curative or alleviative qualities, he could not deny that it was a drug, within the meaning of Food and Drugs Act, § 8, subd. 3 (Comp. St. § 8724), as to the misbranding of drugs.

4. **Druggists ⊙ 11—Evidence made question for jury as to falsity of label and fraudulent intent.**

   In a suit to condemn mineral water, evidence tending to show its shipment in interstate commerce under a label stating that it was recommended for certain diseases, an analysis of the water and the absence of any medicinal ingredients having curative or alleviative properties in the treatment of such diseases, and the claimant's position respecting the article made a question for the jury as to whether the claims on the label were true, and, if false, whether they were made knowingly and fraudulently.

5. **Appeal and error ⊙ 977(1)—New trial ⊙ 6—Refusal of grant of new trial is discretionary, and not reviewable.**

   The refusal or granting of a motion for a new trial is in the sound discretion of the trial judge, and cannot be reviewed on writ of error or appeal.

Appeal from the District Court of the United States, for the Western District of Louisiana; George W. Jack, Judge.

Libel by the United States against 275 Cases of Mineral Water; C. L. Bradley, claimant. From a decree in favor of the United States, the claimant appeals. Affirmed.

Frank J. Looney, J. M. Foster, and W. A. Wilkinson, all of Shreveport, La., for appellant.

Joseph Moore, U. S. Atty., of Shreveport, La.

---

⊙ For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

CALL, District Judge. Libel was filed in the United States District Court for the Western District of Louisiana against 275 cases of mineral water, praying for confiscation and condemnation of same for having been shipped in interstate commerce in violation of the Food and Drugs Act (Comp. St. §§ 8717–8728).

The libel, after alleging the shipment of the cases of mineral water in interstate commerce and the presence of the same within the jurisdiction of the court, alleges that the same were misbranded in the following respects:

"That the following statements regarding the therapeutic or curative effects thereof, appearing on the label aforesaid, to wit: 'Robinson Springs Water. Springs at Pocahontas, Miss. Recommended in the treatment of Bright's Disease, Diabetes, Dropsy, Cystitis, Gout, Rheumatism, Indigestion, Kidney and Bladder troubles. Directions: * * * Robinson Springs and Sanitarium Co., Pocahontas, Miss.'—were false and fraudulent, in that the same were applied to said articles knowingly and in a reckless and wanton disregard of their truth or falsity, so as to represent falsely and fraudulently to the purchaser thereof, and create in the minds of purchasers thereof, the impression and belief that it was in whole or in part composed of or contained ingredients or medical agents, effective, among other things, as a remedy for Bright's disease, diabetes, dropsy, cystitis, gout, rheumatism, indigestion, kidney and bladder troubles, when in truth and in fact said article was not in whole or in part composed of and did not contain ingredients, nor a combination of ingredients, capable of producing the therapeutic effects claimed on the labels, and therefore not effective as a treatment for said above-mentioned ailments."

C. L. Bradley put in a claim to the water seized by the marshal, and excepted to the libel:

(1) That the label does not disclose that the waters contained in the bottles are misbranded, because the label does not claim that the waters contain any ingredients or substance for the cure of any human ailment.

(2) The label described in the libel does not pretend that the waters contain medical agents effective as a remedy for human disease.

(3) That the labels set out in the libel do not amount in law to a misbranding.

An answer was also filed admitting the shipment in interstate commerce, and the labels as set out in the libel, and were intended for sale as a mineral water recommended to be freely used in the treatment of certain diseases, and that the same were in the jurisdiction of the court, but denies that they were misbranded, or that the brand was false or fraudulent. The answer then proceeds to allege that before putting the waters upon sale he had the same thoroughly tested, and was advised by reputable physicians that the use of said waters was beneficial in the treatment of certain kidney troubles mentioned in the label; that the water was sold under a guaranty that those not satisfied with the result of the use of the water might have their money back; that said label had been submitted to the proper board in Washington, and it expressed itself as having no objection to same; that the labeling was in good faith, and not in any attempt to perpetrate a fraud upon the public.

The exceptions were overruled, and the cause went to trial before a jury. After the government case was in, the claimant moved for an instructed verdict. This motion was renewed at the close of the entire evidence. Each of said motions were refused, and the jury returned a verdict in favor of the government, upon which a judgment was entered condemning said water. The errors assigned are as follows:

(1) The court erred in failing to sustain exceptions to the libel.

(2) The court erred in refusing to instruct the jury to find a verdict for claimant.

(3) The court erred in refusing the charge that the label on the bottles of water did not violate the act of Congress, in that the said label made no statement regarding the therapeutic or curative effect of said waters.

(4) The court erred in refusing to grant a new trial.

[1] The first and third assignments raise the same question of law: Does the label as set out in the libel bear the interpretation sought to be placed on it by the government; i. e., that the words, "Recommended in the treatment of" the diseases named, properly construed, mean that the said water had a curative or therapeutic quality? If the court could say that they did not have this meaning, then it should have sustained the exceptions and given the charge asked. If it could not, then no error was committed in overruling the exception and refusing to give the charge. The construction of the language used in the label was in the first instance for the court; the falsity or truth and the intent of the claimant were for the jury to find from the testimony before it.

[2] It seems to us that words, "Recommended in the treatment of Bright's disease," etc., "Directions * * *"—could only mean that the use of the water in the treatment of the diseases named would effect a cure or alleviation of such diseases; otherwise, why recommend it? Unless this means that the water did contain elements or ingredients which would alleviate or cure the diseases named, when taken according to the directions thereon contained, it was a waste of printer's ink. Would not any one suffering from any one of the diseases named understand that by the taking of the water his ailment would be alleviated or cured by reason of the ingredients contained in the water? It seems to us that he would. Treatment would only be taken with a view to alleviation or cure, and a water possessing elements or ingredients favorable to that end only would be recommended.

We think this label clearly susceptible of this construction, and that no error was committed, either in overruling the exception or refusing the charge.

[3] The contention is made that the water condemned in this case is not a drug, within the meaning as used in the act. To confine the meaning of the word "drugs," as used in the third subdivision of section 8, to any definition of "drug" found in dictionaries or pharmacopœias, would in our judgment be entirely too narrow. As Justice Hughes says, in Seven Cases v. U. S., 239 U. S. 517, 36 Sup. Ct. 193, 60 L. Ed. 411, L. R. A. 1916D, 164, "That false and fraudulent rep-

resentations may be made with respect to the curative affect of substances is obvious," and when so made of water it seems to us it would be trifling to say that water ordinarily is not a drug in the true meaning of the word, and therefore does not fall within the condemnation of the third subdivision of section 8 of the act. If the allegations of the libel are true, the claimant has put the substance, water, in interstate commerce with the recommendation that it possesses certain elements or ingredients which are curative, or at least alleviative, for the diseases named in the label. He will not be heard now to say the substance recommended is water, and not a drug. Such a construction would nullify the act of Congress.

[4] After the government had closed its case the claimant moved for an instructed verdict, which motion was denied, and this action of the court is assigned as error in the third assignment. The evidence produced on behalf of the government tended to show the shipment of the water in interstate commerce, the wording of the label as set out in the libel, the analysis of the water and absence therein of any medicinal ingredients possessing curative or alleviative properties in the treatment of the diseases named in the label, and the position of the claimant in respect to the article.

Under that condition of the proof, it seems to us clear that the trial judge would have had no right to withdraw from the jury the determination of the two main questions at issue, namely, whether the claims made in the label were true, and, if not true, whether they were made knowingly and fraudulently. The judge is only justified in withdrawing a case from the jury when the testimony is such that no reasonable construction of it would justify a verdict for the plaintiff. "The case should not have been withdrawn from the jury, unless the conclusion followed, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to establish." Texas & Pacific Railway Co. v. Cox, 145 U. S. 606, 12 Sup. Ct. 909, 36 L. Ed. 829. After a full review of the testimony for the government, we cannot say the testimony is of this character. The jury would have been justified in finding from this testimony, unexplained or uncontradicted, the falsity of the label and the fraudulent intent of the claimant in putting forth the claims made therein.

The motion for an instructed verdict was renewed at the close of the testimony in the entire case, and denied by the court. The testimony in its then condition made an issue of fact upon conflicting testimony, which could only be decided by the jury in the case.

[5] The last error assigned is the refusal of the court to grant the motion for a new trial. The refusal or granting of a motion for a new trial is in the sound discretion of the trial judge, and cannot be reviewed upon writ of error or appeal. Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917. The case was submitted to the jury by the trial judge in a full and clear-cut charge defining the issues, and the jury found against the claimant.

We find no reversible error in the record, and therefore the judgment of the trial court is affirmed.