## BYRD v. UNITED STATES.
### No. 11539.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1946.

considered a coal-tar color since it is derived from coal-tar and imparts color when applied to other substances; but the appellant, doing business as Nu-Charme Laboratories, intervened as claimant and denied that the product might be injurious to users under the conditions of use prescribed in the labeling thereof. The sole issue upon the pleadings was and is whether the aforesaid consignments of eyebrow and eyelash dye, which had been shipped in interstate commerce for cosmetic use in the area of the eye, were adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act.[1]

A cosmetic is deemed adulterated under said act if it is not a hair dye and bears or contains a coal-tar color other than one from a batch that has been certified in accordance with regulations providing for the listing of coal-tar colors that are harmless for use in cosmetics.[2] It being undisputed that the cosmetics seized contain a coal-tar color, the appellant assails the administrator's action in banning all such colors for use in preparations applied in the orbital area.

The promulgating authority granted to the administrator is a quasi legislative power.[3] He is given a wide discretion and his judgment, if based on substantial evidence of record and within statutory and constitutional limitations, is controlling even though the reviewing court might on the same record have arrived at a different conclusion.[4] The statute contemplates that he shall not arbitrarily exercise his power, but shall act only upon a conscientious judgment derived from a consideration of the facts and conditions to which the regulation is to be applied.[5]

Section 371(e) of the act authorizes the administrator to hold public hearings after appropriate notice thereof is given. Such notice was given in this instance and published in the Federal Register as provided by law.[6] It set forth the proposal in general terms, and specified the time and place for the hearing to be held, which was not less than thirty days after the date of the notice.[7] The hearing was had, findings of fact were made from evi-

Harry V. Booth and Charles B. Emery, both of Shreveport, La., and Philip G. Alston, of Texarkana, Ark., for appellant.

Malcolm E. LaFargue, U. S. Atty., and Wm. J. Fleniken, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

These two libels in rem were filed by the United States against 3½2 dozen packages and 26 cartons, respectively, of Nu-Charme Perfected Brow Tint. They were disposed of on the pleadings pursuant to a stipulation of the parties. These appeals were taken from judgments confiscating the property and ordering its destruction. For a statement of the facts pleaded and the issues presented, see the opinions of the court below in United States v. 3½2 Dozen Packages of Nu-Charme Perfected Brow Tint, D.C., 59 F.Supp. 284, Id., D.C., 61 F. Supp. 847, and Id., D.C., 61 F.Supp. 850.

It appears from the pleadings without contradiction that the property seized contains a poisonous and deleterious substance, namely, para-phenylene diamine, which is

[1] 21 U.S.C.A. § 361 (a) (e).

[2] 21 U.S.C.A. §§ 361(e) and 364.

[3] 21 U.S.C.A. § 364.

[4] Federal Security Adm'r v. Quaker Oats Co., 318 U.S. 218, 228, 63 S.Ct. 589, 87 L.Ed. 724, 158 A.L.R. 832.

[5] Twin City Milk Producers Ass'n v. McNutt, 8 Cir., 122 F.2d 564.

[6] 44 U.S.C.A. § 308.

[7] Federal Register, Vol. 4, No. 89, beginning on page 1922.

dence of record, and the regulation was duly promulgated.[8] Appellant contends that the regulation promulgated by the administrator may be collaterally attacked in condemnation proceedings, but we agree with the trial court that it is not open to collateral attack, except upon constitutional grounds, since the statute was fully complied with in every respect and provides that the procedure for review of the action of the administrator shall be by appeal to the proper circuit court of appeals.[9]

■ The regulation was promulgated according to the policy set forth in the act; the method prescribed was the listing of coal-tar colors found to be harmless, and certification of batches of such colors; a standard was furnished in prescribing that the regulation would list only such colors as were found to be harmless and suitable for use. Congress stated the general rule, and left to the administrator the duty of ascertaining what particular colors should be listed.[10] This procedure meets the test required by the due-process clause of the Fifth Amendment.

■ Counsel for appellant stated that if the administrator could legally refuse to certify any coal-tar product for use in coloring eyebrows and eyelashes, then there would be no question but that the Government would be entitled to judgment. We agree with this statement and have examined the facts upon which the regulation was issued. The evidence as to the poisonous and pernicious effect liable to be caused by the application of any coal-tar color to the orbital area was not controverted by any direct and positive testimony of record. At the hearing on the proposed regulation for listing of colors suitable for use, the administrator found that coal-tar colors are not harmless for use in preparations applied in the orbital area, which includes the eyebrows, the eyelids, the eyelashes, the conjunctival sac of the eye, the eyeballs, and the soft areolar tissue that lies within the perimeter of the infra-orbital ridge. He found that the application of coal-tar colors to this area may cause serious injury and even loss of sight. Thereupon, he issued the regulation that no coal-tar color should be certified for use in a product to be applied in the area of the eye. Such quasi legislative action was not arbitrary or ca-

pricious but was the reasonable exercise of a sound judgment and discretion.

Affirmed.

SIBLEY, Circuit Judge (concurring).

I agree to the judgment, but think it a more direct and satisfactory thing to say simply that the Statute, 21 U.S.C.A. § 361 (e), positively declares that a cosmetic is adulterated if it is not a hair dye and bears or contains a coal tar color other than one from a batch that has been certified according to regulations as provided by § 364; and that this cosmetic is not a hair dye and does contain a coal tar color not from a certified batch. It cannot be sold and may be forfeited by the terms of the statute alone. If the Administrator ought under § 364 to make a list of harmless coal tar colors, and ought to include this one, some procedure must be resorted to other than to sell the cosmetic in defiance of the statute.