**UNITED STATES of America,**
**Plaintiff-Libellant, Appellant,**

v.

**An ARTICLE OF DRUG * * * BAC-TO-UNIDISK * * * Defendant-Claimant, Appellee.**

**No. 17592.**

United States Court of Appeals
Sixth Circuit.

March 29, 1968.

Edward Brown Williams, Washington, D. C., for appellant; John Kyle Worley, Detroit, Mich., on brief; Jan Edward Williams, Harter, Calhoun, Williams & Roberts, Washington, D. C., of counsel.

Milton J. Trumbauer, Jr., Asst. U. S. Atty., Detroit, Mich., for appellee; Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief.

Before COMBS, Circuit Judge, and McALLISTER and CECIL, Senior Circuit Judges.

CECIL, Senior Circuit Judge.

This appeal involves a product known as Bacto-Unidisk which is described as a circular one-half inch wide cardboard having a diameter of just over three and one half inches, with eight circular paper units extending inwardly from the ring. Seven of these units are impregnated with different antibiotic drugs and the eighth one with sulfadiazine. The disc is referred to as a sensitivity unit.

The action arose out of condemnation of a quantity of the product by the United States under the Food, Drug and Cosmetic Act, Section 301 et seq., Title 21, U.S.C. The government claims that the product (1) is a "drug" within the meaning of the Act, (2) is composed partly of specified antibiotic drugs, (3) was shipped in interstate commerce, and (4) was

neither certified nor exempted from certification, as required by Section 357, Title 21, U.S.C. This failure to obtain certification or exemption from certification, was alleged to render the product misbranded under Section 352(*l*), Title 21, U.S.C.

The threshold question is whether Bacto-Unidisk, the product in question, is a drug within the meaning of Section 321(g), Title 21, U.S.C. That section provides

"The term 'drug' means (1) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and (2) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (3) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (4) articles intended for use as a component of any article specified in clause (1), (2), or (3) of this paragraph; but does not include devices or their components, parts, or accessories."

The district judge held that it was not a drug as defined in the Act. We agree.

It is conceded that no part of the disc, which is the subject of the action, is administered to man or other animals, either internally or externally. It is used in hospital laboratories and in clinical practice to test the sensitivity or reaction of a specimen drawn from a patient to each of the antibacterial units contained on the disc—hence, the reference, sensitivity disc. The patient's specimen may be sputum, urine, throat swab or other matter withdrawn from his body. The sole function of the disc is to furnish medical doctors with information which enables them to treat diseases previously diagnosed.

If the statute has any application, it would have to be under subdivision (2), "articles intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animals; * * *" The district judge said in his opinion, "When it comes right down to the determination which we must make, a literal reading of (g) (2) which defines 'drug' as 'articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals' clearly has application to the article libeled herein." This is only true in an indirect sense. Certainly it has nothing to do with diagnosis or prevention of disease. In itself it is not intended for use either internally or externally to cure, mitigate or treat disease. It only aids the physician to determine what antibiotics to use for the cure, mitigation or treatment of the patient's disease. We agree with the trial judge that it was not the legislative intent to apply the phrase "intended for use in the * * * cure, mitigation, treatment * * *" in such an indirect manner.

The district judge made Findings of Fact and Conclusions of Law. Finding of Fact 9 and Conclusion of Law 3 are as follows:

"9. Sensitivity disks are not recognized in (admitted to) the United States Pharmacopeia or the National Formulary, which are 'official compendia' under the Federal Food, Drug and Cosmetic Act (21 U.S.C. 321(j)) nor are such disks the kind of articles which are accepted for admission to the official compendia because, among other reasons, they are not regarded by the Committees on Revision (admission) of the compendia as drugs within the commonly accepted meaning of that term in medical science. In medical science those substances which are for administration to or for use on, a person for the treatment of disease or injury, are regarded as drugs. This is the commonly accepted view of physicians generally. A physician who testified for libellant could think of no example of a substance not taken into or applied to the body which he would 'consider medically' as a drug."

"3. In medical science the concept of 'drugs' is limited to articles administered to man or other animals, either internally or externally. This is the generally accepted view among physicians (Finding Number 9). The evidence affords no basis for the conclusion that the definition of 'drug' in the Federal Food, Drug and Cosmetic Act (21 U.S.C. 321(g)) was intended by Congress to extend beyond the meaning of that term in medical science, to encompass these sensitivity disks. The definition of 'drug' is found in 21 U.S.C. 321(g).

We agree with the district judge and conclude that the Bacto-Unidisk, which is the subject of this action, is not a drug within the meaning of Section 321(g), Title 21, U.S.C. and is therefore not from a batch of antibiotic drugs to which a certificate or release is required pursuant to Section 357(a), (c), Title 21, U.S.C.

Authorities cited by counsel for appellant to the effect that such substances as honey, mineral water, cigarettes, peppermint leaves and human blood have been held to be drugs are not in point. Section 321(g), Title 21, U.S.C. defines "drug", in part, "as an article *'intended for use'* in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals." (Emphasis added.) In holding honey,[1] mineral water,[2] cigarettes[3] and peppermint tea leaves[4] to be drugs, the courts based their opinions on the fact that by advertising these products as possessing therapeutic and medicinal powers, such products were "intended for use" as drugs and hence within the statutory definition. Whole human blood[5] which may be used in human blood transfusions clearly comes within the meaning of the statute.

Another question raised at the trial level and assigned as error on this appeal is that the claimant should be barred from raising the question that the seized article is not covered by the statute for the reason that it had not availed itself of permissible administrative procedure.

■ The Food and Drug Administration has attempted in Part 147 of its regulations (21 C.F.R. 147 et seq.) to issue regulations applicable to sensitivity discs such as Bacto-Unidisks. The appellant claims that inasmuch as the claimant, after due notice, failed to seek judicial review of the above regulations, as provided by statute, he cannot collaterally attack their validity in an enforcement proceeding. See Byrd v. United States, 154 F.2d 62 (C.A.5); United States v. Bodine Produce Co., 206 F.Supp. 201 (D. Ariz.). However, unlike those cases which involved regulations pertaining to articles which were concededly within the jurisdiction of the Food and Drug Administration, the issue in this case is whether Bacto-Unidisk is a drug within the meaning of the statute and therefore not subject to any regulation of the Food and Drug Administration. Our function on this appeal is not to review the validity of the regulations to determine if they are supportable by substantial record evidence and not an abuse of administrative discretion, but to determine, based upon an interpretation of the statutory definition of a drug, whether the seized article is within the Administrator's jurisdiction. A claimant cannot be precluded from defending a libel action

---

1. United States v. 250 Jars etc. of United States Fancy Pure Honey, 218 F.Supp. 208 (E.D.Mich., aff'd 344 F.2d 288 (C.A. 6).

2. Bradley v. United States, 264 F. 79 (C.A. 5).

3. United States v. 46 Cartons, More or Less, Containing Fairfax Cigarettes, 113 F.Supp. 336 (D.N.J.).

4. United States v. Hohensee, 243 F.2d 367 (C.A. 3), cert. den. 353 U.S. 976, 77 S.Ct. 1058, 1 L.Ed.2d 1136, rehearing den. 354 U.S. 927, 77 S.Ct. 1376, 1 L.Ed.2d 1441.

5. United States v. Calise, 217 F.Supp. 705 (S.D.N.Y.).

on the ground that the seized article is not covered by the statute.

The judgment of the District Court is affirmed.